THE ROCK ISLAND AND PEORIA RAILWAY COMPANY

*v.*

GUSTAVE KRAPP.

*Opinion filed April 21, 1898—Rehearing denied June 9, 1898.*

1. INSTRUCTIONS—*duty of the court to harmonize instructions.* It is the duty of the court to harmonize instructions, so that they will present the legal questions in a consistent and intelligible manner.

2. APPEALS AND ERRORS—*when failure to harmonize instructions is not ground for reversal.* The failure of the court to harmonize instructions is not ground for reversal, if, upon examination of all the instructions, it appears the jury could not have been misled.

3. NEGLIGENCE—*liability for overflow on changing bed of stream.* One who changes the bed of a stream by making a new channel, discharges his duty to parties living near the stream if the new channel is as efficient in carrying off the water as the old, and he is not liable for damages from an overflow in time of flood which would have been the same had the channel not been changed.

4. SAME—*whether damage from overflow was caused by defendant's negligence is a question of fact.* In an action for damages to plaintiff's property from an overflow alleged to have resulted from defendant's changing the channel of the stream, the question whether the new channel was as efficient as the old for carrying off the water is a question of fact finally settled in the Appellate Court.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. HIRAM BIGELOW, Judge, presiding.

HENRY CURTIS, for appellant.

J. T. KENWORTHY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The original course of Coal Valley creek was from the north under the railroad track of appellant, and, after making a detour through bottom land, the stream returned and passed out to the north under the track at

a point further west. In 1889 appellant filled up the channel under its track and cut a new channel along the north side of the track, across the neck of the bend in the stream. Appellee brought this suit November 15, 1895, to recover damages for injuries to his premises occupied as a saloon and residence, situated above the place where the change was made, and to his personal property therein, by the waters of the creek in a flood which occurred in June, 1892, alleging that the new channel was insufficient for the proper discharge of the waters of the creek, and that the damages to his premises resulted from the acts of appellant in making the change. There was a verdict for appellee for $1800, but upon motion for a new trial the court required $800 to be remitted, which being done the motion for a new trial was overruled and judgment entered on the verdict. The judgment has been affirmed by the Appellate Court.

At the trial the principal controversy was whether the new channel made by defendant was as efficient, for the purpose of carrying off water in times of flood, as the old channel. There was evidence tending to prove that the channel, before the acts complained of, did not carry off all the waters in case of flood, but in such cases plaintiff's premises and the surrounding land were always flooded, and that the natural conditions and surroundings were such as to produce that result.

The errors complained of consist in giving the instructions submitted by the plaintiff. There were three of these instructions, and, standing by themselves, they were all erroneous and misleading. The only question fairly open to consideration is whether they were injurious to defendant when taken in connection with the instructions given on its part. It is the duty of the court to harmonize instructions so that they will present the legal questions in a consistent and intelligible manner to the jury, but if, upon an examination of all the instructions, it appears that they were not calculated to

mislead the jury it is not ground for reversal; and in considering the whole series in this case, we are inclined to the opinion that the errors in the instructions for plaintiff were substantially cured by those given at the request of defendant.

The first of the instructions objected to, in stating the liability of defendant, told the jury that if it changed the channel of the creek and made an artificial channel, then it was its duty to provide in such artificial channel for the proper discharge of the water which should flow in the creek. The second stated this duty to provide for the proper discharge of the water at such occasional great floods as the creek was subject to at indefinite intervals, and the third, in terms, made the defendant liable for all the injurious consequences of the flood, although the evidence might show that it was the act of God, if defendant's negligence contributed in any way to the alleged injury. Its language was also improper in telling the jury that if defendant was guilty of any negligence it could not be heard to say that the flood was an act of God, and thus escape liability. Plaintiff had a right that defendant should not do anything in changing the stream which would injuriously affect his premises, but if the same injury and damage must have happened, in any event, in the state existing before the act complained of, defendant would not be liable to him. It was not its duty, in making the channel, to provide for the discharge of the water in any better or more efficient way than that which existed before. Plaintiff's right was that the waters coming from the higher levels of the creek above should not be obstructed in any way by the defendant, or their flow interfered with, to his injury. This correct rule was stated, however, in several instructions given at the instance of defendant. The second of those instructions stated that the defendant was not bound or under any duty to provide a sufficient water-way to carry the waters of said stream at all times without overflow-

ing plaintiff's premises, but only to provide that the new water-way, when completed, should be as efficient, and carry the water to the same extent and without greater injury to the property of plaintiff, as under previous conditions. The fifth and sixth instructions are as follows:

5. "Notwithstanding the jury may believe, from the evidence, that the plaintiff's property was injured and damaged by the overflow of the stream in question, as alleged in plaintiff's declaration, yet if they shall further believe, from the evidence, that the same loss and damage would have occurred from said overflow if the defendant company had not, prior thereto, done any of the acts changing the water-course in question charged against it in the plaintiff's declaration, then the jury will find the defendant not guilty.

6. "Notwithstanding the jury may believe, from the evidence, that the plaintiff's property was lost, injured or damaged by the overflow of the stream in question, as alleged in plaintiff's declaration, yet if they shall further believe, from the evidence, that any part or portion of said property would have been equally damaged or lost to the plaintiff by said overflow if the defendant company had not, prior thereto, done any of the acts changing the water-course in question charged against it in the plaintiff's declaration, then the jury are instructed that the plaintiff cannot recover herein against the defendant company for the loss of or injury or damage to any such part or portion of said property."

Moreover, the first and second of plaintiff's instructions, although they stated an improper rule of liability, gave a correct rule of damages. The first authorized the jury, if they found for the plaintiff, to assess the damages in such sum as they might believe, from the evidence, plaintiff had sustained over and above the damages he would have sustained, if any, had not such natural water-course been changed. The second stated that if the facts detailed in the instruction were found to exist,

the defendant was liable to the plaintiff for the amount of damages sustained by him over and above the damages, if any, he would have sustained had not such natural water-course been changed and such embankment not been built. The third gave no rule of damages, but wherever the question of damage appeared in the instructions it was limited to such as was occasioned by the acts of defendant. Even if this flood was such an one as defendant was not bound to provide against, it would be liable for any increased injury to the plaintiff occasioned by the channel not being of the same capacity as the original one, and we do not think, in view of all the instructions, that the jury would understand that they could assess damages except for any increased injury which might result from the new channel being less capable of carrying off the water than the old one. The judgment should not be reversed on account of the instructions complained of.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*