Myrtle Geiselman, Appellant, v. Valentine Strubhar, Appellee.
Gen. No. 9,186.

24 

filed October 19, 1939.

BRANSON WRIGHT, of Bloomington, for appellant.

WHITMORE & WHITMORE and HAL M. STONE, all of Bloomington, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

In this case a complaint was filed by the appellant charging the appellee with assault. It alleged that the appelleee struck the appellant divers blows with his fist on her head, chest and other parts of her body knocking her down and causing her bodily harm for which she claimed damages. The case was tried before a jury and a verdict of guilty was returned awarding the appellant $50 damages. A motion was then made for judgment *non obstante veredicto* which was allowed by the court and judgment was entered against the appellant for the costs of suit. The appellant seeks to have the order and judgment *non obstante veredicto* set aside in this court and asks for judgment here in accordance with the verdict of the jury.

The facts show that the appellant and the appellee are brother and sister. A sister of the appellant testified that she was present with appellant in her father's home on September 18, 1935, where they were discussing some business matters; that the appellee entered the room while a conference was in progress and struck the appellant on the arm without any provocation; that when the blow landed it knocked appellant off the chair on which she was sitting to the floor. The appellant testified to a similar state of facts and also that her arm was bruised or discolored by the blow. Both the appellee and his father, who testified for him, denied that any blow was struck.

In ruling upon the motion of the appellee for judgment notwithstanding the verdict the trial court stated that counsel for the appellant in his opening statement said that it was the appellant's duty to prove her case beyond all reasonable doubt and this theory with respect to the degree of proof required by the appellant was carried throughout the trial, similar statements being made in the closing argument as well as in the instructions tendered by the appellant and given on her behalf; that therefore the appellant having elected to proceed upon one theory could not after trial shift to another and different one, and insist thereon as a basis for her right to recover. The court held that the evidence was wholly insufficient to support the appellant's claim under the theory adopted by her and that therefore, the motion should be allowed.

An opening statement of counsel is for the purpose of stating to the jury what facts are relied upon and what a plaintiff expects to prove and is not for the purpose of discussing questions of law. The statement does not take the place of a complaint or other pleadings. *Pietsch v. Pietsch,* 245 Ill. 454.

The primal object in pleading is to produce an issue affirmed on one side and denied on the other, and the trial is had to determine the issue thus made. In this case the complaint contained the usual and ordinary charges of assault and claim for damages. The answer denied the allegations of the complaint. Such case is a civil action for damages and it is only essential that the plaintiff establish her case by a preponderance of the evidence. *Solomon v. Buechele,* 119 Ill. App. 595; *Branch v. Woulfe,* 300 Ill. App. 472.

Instructions to the jury should be predicated on the evidence and also confined to the issues in the case. *Illinois C. R. Co. v. Sanders,* 166 Ill. 270. It is the duty of the court to harmonize instructions so that they will present the legal questions in a consistent and intelligible manner to the jury. *Rock Island & P. Ry. Co. v.*

*Krapp,* 173 Ill. 219. The object of instructions is to clearly inform the jury in a concise and comprehensive manner, what the issues are, the principles of law to be observed and the facts material to be proved to justify their verdict. *People v. Blumenberg,* 271 Ill. 180. The purpose of instructions is to state and explain the law applicable to the case. *Mengelkamp v. Consolidated Coal Co.,* 259 Ill. 305.

In passing on a motion for judgment notwithstanding the verdict the trial court has no authority to weigh and determine controverted questions of fact, and it is only where there is no evidence as a matter of law to sustain the claim of a litigant that a judgment may be rendered notwithstanding the verdict. *McNeill v. Harrison & Sons, Inc.,* 286 Ill. App. 120, 2 N. E. (2d) 959. In passing upon such motions the trial court is governed by the same rules as govern it in passing upon a motion for a directed verdict. It is limited to facts appearing in evidence, and must consider evidence in the light most favorable to plaintiff. *Gardiner v. Richardson,* 293 Ill. App. 40. In passing upon such motion the court must view evidence in the most favorable light for plaintiff. *Feinberg v. Chicago, B. & Q. R. Co.,* 300 Ill. App. 278.

In the present case we think the question presented to the court on the motion for judgment notwithstanding the verdict was whether there was any evidence fairly tending to prove the plaintiff's complaint. In passing upon such question, it was the duty of the court to consider the evidence in its most favorable aspect to the plaintiff, together with all reasonable inferences arising therefrom. Even if the issue had placed the burden on the plaintiff of proving her case beyond all reasonable doubt in this case we believe there was sufficient testimony to submit the case to the jury. The instructions given to the jury were most favorable to the defendant. It is our judgment that the court erred in interfering with the verdict of the

jury. For the reasons stated herein the judgment of the circuit court is reversed and judgment in favor of the plaintiff for the sum of $50 against the defendant is entered here in accordance with the verdict of the jury.

*Judgment reversed and judgment entered here.*