LaSalle National Bank, a National Banking Corporation, Administrator of the Estate of Henry C. Lavery, Jr., Deceased, Plaintiff-Appellee, v. Wieboldt Stores, Inc., a Corporation, Defendant-Appellant.

Josephine Watschke, Administratrix of the Estate of Fred Watschke, Deceased, Plaintiff-Appellee, v. Wieboldt Stores, Inc., a Corporation, Defendant-Appellant.

Elizabeth Beckmeyer, Administratrix of the Estate of William F. Beckmeyer, Deceased, Plaintiff-Appellee, v. Wieboldt Stores, Inc., a Corporation, Defendant-Appellant.

Faulds Oven & Equipment Company, Inc., Plaintiff-Appellee, v. Wieboldt Stores, Inc., a Corporation, Defendant-Appellant.

The Home Indemnity Company, a Corporation, Subrogee of Faulds Oven & Equipment Company, Inc., a Corporation, Plaintiff-Appellee, v. Wieboldt Stores, Inc., a Corporation, Defendant-Appellant.

Ada M. Zielke, Administratrix of the Estate of William Henry Zielke, Deceased, Plaintiff-Appellant, v. Faulds Oven & Equipment Company, Inc., a Corporation, Defendant-Appellee.

Gen. No. 51,942.

First District, Third Division.

November 21, 1968.

Rehearing denied December 17, 1968.

Peterson, Lowry, Rall, Barber & Ross, of Chicago (A. R. Peterson, Herbert C. Loth, Jr., Norbert J. Wegerzyn, of counsel), for appellants.

John J. Witous, Clausen, Hirsh, Miller & Gorman, Joseph Carr, Gardner, Carton, Douglas, Chilgren & Waud, Rosenbaum & Rosenbaum, and Lester E. Williams, of

Chicago (Jacob T. Pincus and James T. Ferrini, of counsel), for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is the second appeal in this case. The first appeal, LaSalle Nat. Bank v. Wieboldt Stores, Inc., 60 Ill App2d 188, 208 NE2d 845, was decided in 1965. The six lawsuits which were consolidated and tried involve claims arising from an explosion in the Wieboldt Department Store (Wieboldt) in River Forest, Illinois, on March 6, 1955, while employees of Faulds Oven & Equipment Co. (Faulds) were installing a gas fired bakery oven. In the explosion four Faulds workmen, Henry C. Lavery, William F. Beckmeyer, Fred Watschke and John Kalas, were killed. William Henry Zielke, assistant stationary engineer for Wieboldt, was also killed.

Wrongful death actions were filed against Wieboldt by the administrators of the estates of three of the Faulds' employees before mentioned and a similar action was brought by the estate of Zielke against Faulds. In addition to the wrongful death action a property damage claim was filed by Faulds for the amount due for loss of the oven and Wieboldt counterclaimed for damages to its building. Home Indemnity Company, a subrogee of Faulds, filed an action against Wieboldt, seeking to recover the amount paid in workmen's compensation because of the death of John Kalas.

On the first trial in 1962 the jury found Wieboldt guilty of negligence and returned verdicts of $20,000 for the estates of each of the Faulds' employees. A verdict was directed in favor of Faulds for property damage and judgment was entered thereon in the sum of $2,936.58. Verdicts of not guilty were directed in the claim of Zielke's estate against Faulds and against Wieboldt in its counterclaim for damages to the store build-

ing. On appeal the Appellate Court decided that it was Wieboldt's duty to inspect and maintain the gas lines in question, that they failed to do so and hence were guilty of contributory negligence. LaSalle Nat. Bank v. Wieboldt Stores, Inc., supra, at 207–8. The court reversed, however, and remanded the judgments against Wieboldt in the Faulds' employee death cases because of prejudicial argument by the plaintiffs' counsel.

On the second trial the jury returned verdicts against Wieboldt in favor of the estates of the Faulds' employees in the sum of $20,000 each. Home Indemnity, as subrogee of Faulds, was awarded $8,000 for death benefits paid to the estate of John Kalas and the Faulds Company was awarded $4,651.71 for damages to its property. In the death action brought by the administratrix of Zielke against Faulds, the jury returned a verdict in favor of Faulds. The trial court entered judgment on these verdicts.

Wieboldt and the administratrix of Zielke have taken this appeal. They contend that the court erred in instructing the jury that Wieboldt had a duty to extend the gas and electric lines to the place where the oven was being installed and that in failing to do so, it was negligent as a matter of law. Appellants also object to certain rulings made by the court with respect to the admission of evidence.

The facts regarding the explosion and resulting damages are fully set forth in the first appeal and the contentions of the appellants are in large part resolved therein. LaSalle Nat. Bank v. Wieboldt Stores, Inc., supra. Accordingly, a short summary of the facts will here suffice.

In January 1955 Wieboldt contracted to purchase a bakery oven from Faulds. The parties agreed that installation would take place over a weekend to avoid interference with the normal business operations of the

store. It was also agreed that Faulds would install the oven "complete except for final gas, electric connections." The new oven arrived at the store during the evening of March 5, 1955, and the Faulds' crew consisting of Beckmeyer the foreman, Carlson, Lavery, Watschke and Kalas unloaded the oven parts and began to assemble the unit at about 7:00 p. m. The new oven required gas and electric service lines. Although both the old and the new ovens were gas fired, the connections on each were at different locations. In January 1955 a Wieboldt employee, in preparation for the installation of the new oven, put a "T" connection in place of an elbow in the gas line located in the crawl space beneath the bakery floor, thus providing a connection from which to run new gas lines to the new oven. On Sunday morning, March 6, 1955, William Zielke came on duty for Wieboldt. The oven was then in position and Zielke ran a gas line from the "T" which had been installed earlier over to the corner where the oven was located. After completing the connections, all Wieboldt employees, except Zielke and a watchman whose duties brought him to the bakery room only periodically, left the building. The gas supply valve was turned on and the oven was almost completely assembled by about 8:00 p. m. Carlson, an employee of Faulds, was inside the oven connecting the revolving pans when the explosion occurred, killing all the workmen in the bakery room with the exception of Carlson, who apparently was protected by the oven. From an examination of the damages and debris it appeared that the center of the explosion was located in the crawl space beneath the bakery floor and that the explosion resulted from the ignition of an accumulation of gas flowing into that space from the unplugged end of a gas line.

In this second appeal the appellants contend that the court erred in giving the following instructions to the jury:

"You are instructed that as a matter of law the obligation of bringing gas lines and electric lines to the new oven and connecting them to the oven was that of Wieboldt Store, Inc."

That instruction was in accord with the determination upon the prior appeal that Wieboldt, under its contract with Faulds as construed by the court, had not parted with control of its gas lines. Faulds was to build the oven complete with gas piping on the inside, and the burden of extending the gas lines to the oven was on Wieboldt. On this issue the Appellate Court said (p 205):

"We conclude, therefore, that the trial court did not err in refusing to submit to the jury the interpretation to be given the contract. The court's interpretation, finding Wieboldt had not delegated its duty to exercise control and supervision over the gas lines, was manifestly reasonable and the only consistent interpretation which could be given to the clear understanding of the parties and the uncontroverted evidence."

The court did not err in giving Faulds' Instruction No. 2.

■ Appellants further contend that the court erred in giving Instruction No. 11 which reads as follows:

"You are instructed that Wieboldt was negligent as a matter of law in failing to supervise, inspect and maintain its gas lines."

It was Wieboldt's obligation, as held on the prior appeal and on the evidence presented on this trial, to extend the gas lines. Wieboldt was aware of the necessity of removing and capping the old gas line as part of the procedure since that line was an obstacle to the installation of the new oven. Wieboldt failed to discharge its obligation to maintain, supervise and inspect its gas lines and the trial court properly gave the instruction in accordance

with the prior decision on appeal. LaSalle Nat. Bank v. Wieboldt Store, Inc., supra, at 207–8. There was still left for determination however the issue of contributory negligence.

Where a record on a subsequent appeal is the same as on the first or a prior appeal, or substantially so, the adjudication of such first or prior appeal becomes the law of the case. Hammer v. Slive, 35 Ill App2d 447, 183 NE2d 49. Under such circumstances the conclusions of the reviewing court become binding on the appellants and are not subject to review upon appeal from the result reached at the second trial. Illinois Cent. R. Co. v. Seitz, 111 Ill App 242; Chicago & A. R. Co. v. People ex rel. Bloomington, City of, 72 Ill 82. We proceed to consider the errors charged with respect to the admission of evidence.

John Carle, an independent contractor, testified that he was retained to remove the old oven from the Wieboldt store prior to the installation of the new one. Carle further testified over objection that he was present in the Wieboldt bakery on March 5, 1955 and that he overheard a conversation between John Faulds and two Wieboldt employees working in the area and that one of the Wieboldt employees stated that Wieboldt would take care of a gas pipe which protruded above the floor and obstructed the installation of the new oven. Appellants contend that there was no proof that the unidentified person was an agent of Wieboldt or that he was acting within the scope of his authority. They argue that the testimony was intended to show either a modification of the contract between Wieboldt and Faulds or an admission by Wieboldt and that the objection should have been sustained for the reason that no proper foundation was presented. Substantially similar testimony was given by another witness John Faulds, who described the two persons with whom he talked as Wieboldt employees.

345

Faulds testified that these two men were giving directions and that he walked up to them and told them the gas line would have to be removed. They replied that they would take care of it. An objection was made to that testimony on the ground that Faulds could not say definitely that the two men worked for Wieboldt and the objection was sustained. Faulds testified that the men were directing activities on the premises and he again referred to them as Wieboldt employees. The objection was not renewed. We consider it to have been waived. The fact that these workmen were directing operations on the Wieboldt premises is evidence that they were Wieboldt employees and if Wieboldt had wished to rebut that natural inference, the evidence was at their disposal. The jury was fully apprised of the circumstances surrounding the conversation and could weigh the evidence accordingly. The objection is trivial and even if sound, it would not warrant reversal.

■ Appellants next contend that the court erred in excluding certain testimony of an expert witness relative to the estimated time the gas was allowed to escape. The witness Zoltan Toreky testified that gas would flow from the described pipe at a rate of 1,500 to 2,000 cubic feet per hour. He was then asked to estimate how long it would take for the gas to accumulate to the level of combustibility. An objection to that question was sustained. Appellants did not make an offer of proof at that point and there is nothing in the record from which to judge the materiality of the evidence sought to be introduced. Without such preservation of evidence it is impossible for the court to determine the probative value of the proffered testimony. In re Estate of Garner, 8 Ill App2d 41, 130 NE2d 219.

■ The final point raised by appellants is that the court erred in excluding a photograph of Zielke. They contend that the photograph reflected upon the credibil-

ity of the witness Carlson in that he allegedly stated on one occasion that he could not distinguish between William Zielke and Adolph Dick, another Wieboldt employee. Appellants contend that if the jury had been permitted to view Zielke's picture, it would have seen there was no similarity of appearance in the two men and accordingly Carlson's testimony would have been discredited. Zielke's physical appearance was described to the jury and it was obvious that he was a smaller man than Adolph Dick. If there had been any issue as to Carlson's ability to distinguish the two, it would have been thereby resolved. We also note that the photograph depicted Zielke in front of an army barracks and that there was no evidence which showed him as he appeared at the time of his death. It was properly excluded.

When several cases involving complex issues of law and fact are consolidated for trial, the possibility of trial error is obviously compounded. Counsel must have anticipated such problems when they stipulated to consolidation. The trial court gave the parties involved a fair trial and the decisions reached were sound. The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.