Louise Gasperik, a Minor, by Her Next Friend, Erika Gasperik, Plaintiff-Appellant, v. Carolyn Simons, Defendant-Appellee.

Gen. No. 53,427.

First District, Second Division.

May 19, 1970.

Benjamin Sugar and C. Jerome Bishop, of Chicago, for appellant.

Francis B. Libbe and John M. O'Connor, of Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, for appellees.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

This was a suit to recover for personal injuries which plaintiff suffered in a crosswalk collision with defendant's automobile. A jury returned a verdict in favor of the defendant. Plaintiff's post-trial motion was overruled and judgment entered on the verdict. In this appeal it is contended that (1) the trial judge erred in refusing to give the jury three instructions tendered by plaintiff; (2) the statute defining rights of a pedestrian in a crosswalk should be construed to give the pedestrian an absolute right of way over a motorist; (3) the conduct of the trial judge was prejudicial to plaintiff's rights to a fair trial; and (4) the manifest weight of the evidence warrants a reversal of the judgment in favor of defendant.

On Saturday, February 3, 1962, between 12:05 and 12:10 p. m., defendant, an eighth grade mathematics teacher, was driving her blue Ford sedan westerly on Granville Avenue approaching the intersection of Greenview Avenue, a north-south street in Chicago. On the north side of Granville, 100 feet east of Greenview, facing westbound traffic, was a sign "Children Crossing." Granville, west of Broadway, is a residential street wide enough for cars to park on each side with lanes for east and westbound vehicular traffic. Glenwood is one block east of Greenview. On the northwest corner of Granville and Glenwood was St. Gertrude's Parochial School.

On that day, and at about the time that defendant was driving her automobile west on Granville, Charlene Gasperik, nine and a half years old, left St. Gertrude's gym

with her sister, the plaintiff who was then seven years, nine months old. They walked west on Granville on the south side of the street to Greenview, crossed Greenview to the west side. Just before plaintiff and her sister reached the southwest corner of Granville and Greenview, a laundry truck, going east on Granville reached Greenview and indicated with its turning signals that it was going to turn left and go north. Behind this truck, but waiting west of the crosswalk, was an automobile driven by Charles Dennen. The weather was "[r]ainy, sort of icy, freezing drizzle, real nasty."

When defendant was a half block from the intersection of Granville and Greenview she saw the eastbound laundry truck and saw its position indicating it was going to turn left. The truck blocked defendant's view of the crosswalk behind it. Defendant saw no pedestrians on the curb or the crosswalk. She did not sound her horn, she did not stop nor give any warning of her approach. Defendant checked traffic coming in and out of Greenview and proceeded west going past the truck at a speed of about ten to twenty miles per hour.

Plaintiff and her sister Charlene saw defendant's automobile as it neared the crosswalk they intended to use to go from the south side of Granville to the north side. Before defendant's car crossed the intersection, the children made two or three efforts to go across. Finally, plaintiff ran ahead of her sister just as defendant's automobile reached the west side of Greenview Avenue. Gilbert R. Williams, driver of the laundry truck, and Charles Dennen, driver of the car that was west of the crosswalk, saw plaintiff run into the left rear portion of defendant's car. From the collision that resulted, plaintiff suffered injuries for which she was hospitalized.

To recover for these injuries plaintiff alleged that defendant was causally guilty of careless and negligent acts of failing to maintain a proper lookout for pedestrians in the crosswalk, failing to yield the right of way to a

pedestrian crossing the crosswalk and failing to sound the horn of her car or otherwise give signal of its approach. Ill Rev Stats 1961, c 95½, § 171(a), defined the obligations of a motorist to a pedestrian crossing within any marked crosswalk at an intersection. Two provisions of the Municipal Code of Chicago, chapter 27, sections 257 and 264, required a motorist to sound the horn of his car "when necessary," exercise "proper precaution upon observing any child or any confused or incapacitated person upon a roadway," and use the horn of his car to give audible warning when reasonably necessary to insure its safe operation. Plaintiff requested but the court refused to give the jury her instructions 15, 16 and 17 which stated the substance of these three provisions. This refusal is said to be error.

Instructions to a jury must, in a concise and comprehensive manner, inform it what the issues are, must state the applicable principles of law and describe the facts the jury must find in order to justify its verdict. Geiselman v. Strubhar, 302 Ill App 23, 26, 23 NE2d 383; Norton v. Cook, 14 Ill App2d 390, 144 NE2d 847. Plaintiff's instruction 15 contained a rule of law not applicable to the case. There was no evidence by which the jury could find that defendant failed to yield the right of way, slow down or stop for plaintiff, a pedestrian in the west crosswalk of Greenview Avenue at the time of the accident. The evidence showed that plaintiff ran into the left rear portion of defendant's car after it entered the crosswalk.

Further, there was evidence that a laundry truck was east of the crosswalk blocking defendant's view of any pedestrian on the west side of Greenview crossing the south side of Granville to the north. Before the statute on which plaintiff relied can have application, there must be evidence that the motorist saw, or in the exercise of reasonable care could have seen, a pedestrian on the crosswalk in question.

■■■ Plaintiff's instructions 16 and 17 had the same defect. Both stated rules of law which had no application to the facts of plaintiff's case. Instruction 16 applies when a motorist observes "any child or any confused or incapacitated person upon a roadway." There was no evidence that defendant observed plaintiff upon a roadway. In the absence of evidence that plaintiff was "confused or incapacitated," the trial judge correctly refused to give this instruction. Quigley v. Snoddy, 102 Ill App2d 232, 237, 242 NE2d 775. Instruction 17 applies when sounding the horn of a car is necessary for its safe operation. Plaintiff's evidence was that she and her sister saw defendant's car as it approached. Therefore, it was not necessary for defendant to sound the horn of her vehicle. See Sparks v. Long, 234 Iowa 21, 11 NW2d 716 (1943). For these reasons, the court did not err in its rulings on the instructions.

■■■ Plaintiff next contends that the statute which defines the obligations of a motorist to a pedestrian crossing within any marked crosswalk (Ill Rev Stats 1961, c 95½, § 171) should be construed to give the pedestrian an absolute right of way over the motorist. Plaintiff invites us "to drop a 'bombshell' on the present concept of the law with relation to the rights of pedestrians in a crosswalk and the duty of an automobile driver . . . ." We decline this invitation because our Supreme Court has decided that "[t]he right-of-way statute does not give a pedestrian, on a crosswalk, the right of way over all vehicles on the street under any and all circumstances. Each case must be considered in the light of the facts and the circumstances surrounding it. The pedestrian's right of way is not absolute because both he and the vehicle happen to be on the street at the same time. . . ." Moran v. Gatz, 390 Ill 478 at 486, 62 NE2d 443. This pronouncement is dispositive of plaintiff's contention.

Plaintiff contends that the demeanor, attitude, rulings and remarks of the trial judge were prejudicial to her

rights to a fair trial. Although plaintiff has not abstracted the portions of the record involved, she claims that on sixteen occasions the trial judge used the expressions, "Makes no difference" or "What difference does it make?" Plaintiff points to the refusal of the trial judge to allow her counsel to ask her on redirect questions concerning a deposition she could not recall when she was cross-examined. Plaintiff claims that the trial judge at one point characterized her counsel's conduct as "unfair tactics." Plaintiff also complains that while the trial judge appeared solicitous, patient and kind toward defendant and her witnesses, he was harsh and unduly critical of plaintiff, plaintiff's sister and plaintiff's mother when they testified. Overlooking plaintiff's failure to furnish us with a duplication of the record, we have carefully read the trial transcript in order to properly evaluate these complaints.

In a trial like the one before us it was the function of the jury to weigh the evidence; and its verdict must not be based on the opinions of the trial judge to the prejudice of either litigant. Lange v. Coca-Cola Bottling Co. of Chicago, 105 Ill App2d 99, 245 NE2d 35. However, remarks of a trial judge are not grounds for reversal where they are of little consequence either way, and the record does not show that the jury heard them. Peoria and F. R. Co. v. Barnum, 107 Ill 160. Further, remarks of a trial judge made during discussion with counsel of matters which do not concern the jury are not prejudicial. City of Geneseo v. Schultz, 257 Ill 273, 279, 100 NE 926. Our examination of the record leads us to conclude that the rulings, remarks and comments of the trial judge, about which plaintiff complains, were proper; some concerned statements or conduct of counsel for plaintiff; and others were common to trials of this kind. Neither singly nor cumulatively did these incidents preju-

366

dice the plaintiff. See Neubauer v. Coca Cola Bottling Co. of Chicago, 96 Ill App2d 18, 238 NE2d 437 and Christianson v. City of Chicago Heights, 103 Ill App2d 315, 243 NE2d 677.

█ Finally, plaintiff contends that the manifest weight of the evidence warrants reversal of the judgment entered in favor of defendant. She argues that because there was a sign near the northeast corner of Granville and Greenview Avenues with the words "Children Crossing," defendant was warned that children might or could be crossing the crosswalks of that intersection. It is claimed that the least defendant could have done under the circumstances was to sound the horn of her car before she is excused of failure to yield the right of way to plaintiff in the crosswalk. Cases decided by reviewing courts of this State and those of other jurisdictions are cited to us. We find that none support plaintiff's argument.

The unfortunate accident of February 3, 1962, occurred on a Saturday near the noon hour in a street intersection of Chicago. Two disinterested witnesses testified that plaintiff ran into the rear left side of defendant's automobile as it was crossing the marked crosswalk. The evidence showed a truck blocked defendant's view of the crosswalk behind it. Defendant did not, or could not see plaintiff and her sister before the accident. Defendant was operating her automobile within permissible speeds. Plaintiff and her sister saw defendant's automobile as it approached. Thus, defendant's failure to sound the horn of her automobile was not a cause of the accident. Introduced in evidence for defendant was a photograph looking west on Granville at the intersection of Greenview. This photographic exhibit gave a good view of the south side of Granville and the curb where the children stood before the accident. Thus, the jury had before it pictorial evidence of the accident scene.

Plaintiff had to prove her case by a preponderance of the evidence. The verdict returned should be in favor of the defendant if the evidence were evenly balanced or if its preponderance were in favor of defendant. See Kurzawa v. Brummel, 14 Ill App2d 473, 144 NE2d 839. Plaintiff, who sued to recover for injuries suffered in an automobile collision in a marked crosswalk, had the burden of proving that before and at the time of the occurrence she was in exercise of ordinary care for her own safety; that a negligent act was committed by the defendant; that she was injured; and that negligence of the defendant was the cause of the injuries.

Whether under the circumstances shown by the evidence defendant was guilty of negligence and whether plaintiff was free from or guilty of contributory negligence when she was struck by defendant's automobile, were questions the jury had to decide. Before we can say that the verdict was against the manifest weight of the evidence, we must conclude that an opposite verdict was clearly evident. Compare Larson v. Fell, 55 Ill App2d 418, 204 NE2d 475. Applying these tests, we conclude that the verdict of the jury was not against the manifest weight of the evidence and that no reversible error appears in the record. Judgment is affirmed.

Judgment affirmed.

BURKE and LYONS, JJ., concur.