510

juries, or the boy's freedom from contributory ngligence. As indicated by our previous discussion, the fact that the plaintiff was a young boy does not absolve him of the need to prove that Randell acted negligently. Yet the evidence could support a jury finding that Randell failed to use reasonable care under the circumstances. He saw the children crossing at mid-block, away from an intersection or crosswalk. That, plus their obvious youth, forewarned him that they might not exercise complete caution as he approached them. He reacted by slowing his vehicle, but did not trouble to sound his horn or change lanes, two simple and convenient responses to the situation. He continued to drive very close to the divider—a distance of only 6 inches—as he passed the boys, and this despite his awareness of blustery winds. While open to question, Lewis Hall's account of the occurrence is not inherently improbable. Allowing all favorable inferences to him, we conclude that he presented a prima facie case sufficient to withstand the defendant's motion for a directed verdict.

Since neither party is entitled to a finding in his favor as a matter of law, our order will be one of reversal and remandment of the cause for retrial on all the issues.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

McNAMARA and MEJDA, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT WHITFIELD, Defendant-Appellant.

(No. 58037;

First District (3rd Division)—February 6, 1975.

PER CURIAM.

Edward M. Genson and James J. Cutrone, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Scott W. Petersen, Assistant State's Attorneys, of counsel), for the People.