KELLY CUSICK, a Minor, by Kenneth Cusick, her Father and Next Friend, Plaintiff-Appellant, *v.* MELANIE B. CLARK, Defendant-Appellee.

Third District   No. 76-228

Opinion filed February 18, 1977.

Peter F. Ferracuti & Assoc., of Ottawa (Melvin Hoffman, of counsel), for appellant.

Hupp, Irion & Reagan, of Ottawa (George Hupp and Michael Reagan, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Plaintiff Kelly Cusick, by her father and next friend, Kenneth Cusick, appeals from a judgment of the Circuit Court of La Salle County in favor of defendant Melanie B. Clark, following a jury trial. Plaintiff argues, essentially, that the trial court erred in refusing to direct a verdict for

plaintiff and in refusing to grant judgment notwithstanding the verdict, pursuant to motion filed by the plaintiff at the close of the evidence.

At the jury trial in the Circuit Court of La Salle County, the jury had returned a general verdict in favor of defendant and as against plaintiff. The jury also, in response to a special interrogatory, found that defendant was not guilty of negligence that proximately caused plaintiff's injury.

From the record it appears that on May 13, 1974, at approximately 7:20 p.m., the minor, Kelly Cusick, three years of age, was standing on the southeast corner of the intersection of Guion and Superior Streets in Ottawa, Illinois. The intersection was marked with crosswalks, was posted with a stop sign at each corner, and had no obstruction to vision at any corner. The intersection was also near an elementary school and playground, which the children were known to frequent. It was still daylight at the time in question.

It appears that Phyllis Palmer (not a party to the action) was driving an automobile north on Guion Street, and stopped at the south side of the intersection of Guion and Superior Streets near the crosswalk. The Palmer automobile was a stationwagon, which was 18 feet in length and 55 inches tall. While Phyllis Palmer was stopped at the intersection, she observed the child, who was approximately three feet tall, standing on the southeast corner of the intersection near the curb. Palmer watched the Cusick child for a few moments and at this time the vehicle driven by defendant Melanie B. Clark, which was proceeding south on Guion Street, was coming to a stop at the north side of the intersection. There were no vehicles proceeding through the intersection from the east or west on Superior Street.

Palmer then drove her car across the crosswalk and through the intersection, which was 47 feet in width. Soon after Palmer began to cross the intersection, defendant Melanie B. Clark, who had stopped at the north crosswalk of the intersection, proceeded through the intersection, going the opposite direction of the Palmer automobile. The Clark car and the Palmer car passed each other midway through the intersection. As the vehicles passed, the defendant Clark was looking ahead of her and saw nothing other than the Palmer vehicle and the pavement and crosswalk ahead of her. Defendant Clark was proceeding through the intersection at a speed of 5 to 10 miles per hour. As the Clark automobile was passing through the crosswalk at the south side of the intersection, defendant Clark heard a thud on the left rear of her car, at a time when her car was on the east side of Guion Street, with the rear of her car in the crosswalk. Immediately thereafter, the plaintiff child was in a sitting position within the crosswalk. Both the defendant and Palmer then stopped, and defendant apparently removed the plaintiff to the side of the road. Testimony indicated that while the defendant's car was dusty

or dirty, no marks or damage could be found on the vehicle. Testimony of defendant's father indicated that there was a small handprint on the rear fender of the defendant's vehicle, above and to the center of the rear wheel. Defendant Clark testified that she did not see the plaintiff prior to the collision, although she looked in all directions.

After hearing the evidence, the jury returned a verdict finding for the defendant and against the plaintiff, as we have noted, and also found in answer to a special interrogatory that the defendant was not guilty of negligence which proximately caused plaintiff's injury. The trial court entered judgment on the jury's verdict, and denied the plaintiff's post-trial motion which sought a new trial or judgment notwithstanding the verdict. The trial judge communicated by letter to the parties at the time of his decision and stated that:

> "Here the defendant did look, and whether she should have seen was clearly an issue of fact to be determined by the jury. Here the evidence most favorable to the defendant indicates that she approached the intersection, stopped at the stop sign, looked, proceeded into the intersection at a speed of from 5 to 10 miles per hour, proceeded through the intersection at the same speed, and while passing through the crosswalk had impact occur to the left rear side of her vehicle. That evidence does not so overwhelmingly favor the plaintiff that the jury's verdict cannot stand. In addition, I am unable to say that the evidence so clearly preponderates in favor of the plaintiff that a new trial must be ordered. I feel that the particular case with its conflicting evidence was unquestionably a case for the jury to decide."

■■ On appeal to this court, plaintiff argues that the trial court erred in refusing to grant judgment notwithstanding the verdict to plaintiff. Defendant asserts, however, that plaintiff is in this court conclusively bound by the jury's answer to the special interrogatory, unobjected to in the trial court, and that defendant was found by the jury not to be negligent so as to cause plaintiff's injury. As this court stated in *Klavine v. Hair* (3d Dist. 1975), 29 Ill. App. 3d 483, 486-87, 331 N.E.2d 355:

> "Normally a party is bound conclusively by the answer to a special interrogatory on a material issue unless he moves to set it aside or attacks it in his post-trial motion, neither of which was done by plaintiff here. [Citations.] However, any alleged error in the trial which bears a rational relationship to the considerations from which the jury determined a special finding must be considered on review. [Citation.] As otherwise expressed, a party is bound by a special finding unless he specifically attacks it or unless he assigns error in some procedure which necessarily affected the substance of the special finding."

Defendant contends that plaintiff in this appeal, not having attacked the jury's special finding in the trial court, and not asserting on this appeal any procedural errors affecting the substance of the jury's finding, is now conclusively bound by the jury's finding that the defendant was not negligent. While we do not discount the argument of defendant in coming to our conclusion, we note that there is recent authority indicating that, in a proper case, the doctrine referred to does not limit the power of a reviewing court to consider the merits of an appeal (*Wozniak v. Segal* (1974), 56 Ill. 2d 457, 308 N.E.2d 611; *Fopay v. Noveroske* (5th Dist. 1975), 31 Ill. App. 3d 182, 334 N.E.2d 79). On that principle, we believe that in the present case we should consider the substance of plaintiff's contention.

What plaintiff argues, in substance, is that the proof in this case presented no factual questions for the jury's consideration on the issue of liability, and that therefore judgment notwithstanding the verdict should have been entered. In this analysis, we must consider the rule in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 494, 510, 229 N.E.2d 504, in which the supreme court specifically determined that "verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

■■ To review fundamental considerations, in order to recover for personal injuries in a negligence action, a plaintiff must show (1) a duty owed to the plaintiff, (2) a breach of that duty, which (3) proximately causes (4) a resulting compensable injury. (*Rios v. Sifuentes* (1st Dist. 1976), 38 Ill. App. 3d 128, 347 N.E.2d 337.) We also observed that it is clear that the plaintiff in this case, a three-year-old child, is conclusively presumed not to be responsible for her acts and cannot be charged with contributory negligence. *Duffy v. Cortesi* (1954), 2 Ill. 2d 511, 119 N.E.2d 241; *Rios v. Sifuentes* (1st Dist. 1976), 38 Ill. App. 3d 128, 347 N.E.2d 337.

We also take note of the provision of the Illinois Vehicle Code in section 11—1002(c) (Ill. Rev. Stat. 1973, ch. 95½, par. 11—1002(c)), where it is provided in part:

"Whenever stop signs * * * are in place at an intersection * * *, pedestrians shall have the right-of-way over drivers of vehicles* * *."

Additionally, section 11—903 of the Illinois Vehicle Code provides in part:

"Drivers of vehicles having so yielded the right-of-way to pedestrians entering or within the nearest crosswalk at an intersection shall also yield the right-of-way to pedestrians within any other crosswalk at the intersection."

Plaintiff argues that these statutes establish that the minor plaintiff was entitled to the right-of-way at the intersection as a matter of law. We note, however, that no evidence at the trial directly established that the plaintiff was within the crosswalk at the southern edge of the intersection at the time when defendant's vehicle entered the crosswalk. As stated in *Hall v. Randell* (1st Dist. 1975), 26 Ill. App. 3d 505, 508-09, 325 N.E.2d 326:

> "However, in Illinois there is no strict liability of motorists to minor pedestrians. [Citation.] Rather, a driver owes a duty of reasonable care to avoid injuring children whom he sees on or near a street or highway and he must, of course, exercise greater care for the safety of young children than for adults. [Citation.] Whether a motorist has met the standard must be determined in light of the peculiar circumstances of each case and is a question properly reserved for the jury. Jury verdicts in favor of defendants have been upheld on appeal despite evidence showing that the minor plaintiffs stood at the curb, visible to oncoming traffic, before they darted in front of the vehicles which struck them. [Citations.] That the motorist failed to give warning with his horn when he first saw the child at a roadside [citation], or the child stood near a crosswalk [citation], will not justify a court's declaration of negligence as a matter of law, where other evidence supports a jury finding that the driver acted reasonably under the circumstances.

■■ The evidence in the instant case established that the defendant, although her view of the southeast portion of the intersection was momentarily obstructed by the Palmer vehicle, had an unobstructed view of the roadway ahead of her at all times as she drove at a speed of 5 to 10 miles per hour through the intersection. While the jury might have, permissibly, inferred such, there was no evidence directly establishing that the plaintiff was within the crosswalk at the time the defendant's vehicle entered the crosswalk, and the jury apparently concluded that she was not within the crosswalk. In view of the slow speed of defendant's vehicle and the indications that the plaintiff collided with the rear of defendant's vehicle, the evidence did not preclude a jury conclusion that the plaintiff entered the crosswalk after the defendant's car had entered the crosswalk. We, therefore, cannot say as a matter of law, under the *Pedrick* standard, that the evidence so favored the plaintiff as to entitle her to judgment *n.o.v.* on this theory asserted by plaintiff as to defendant's negligence.

Plaintiff also argues, in support of her position, that defendant was negligent as a matter of law, inasmuch as defendant proceeded to pass through the intersection at a time when her vision was partially obstructed. In advancing this argument, plaintiff relies on *Duffy v. Cortesi* (1954), 2 Ill. 2d 511, 119 N.E.2d 241, and *Kirby v. Swedberg* (2d

Dist. 1969), 117 Ill. App. 2d 217, 253 N.E.2d 699. In both cases referred to, the reviewing court held that the defendant's action in proceeding through a crosswalk when the defendant's vision of the path along which the defendant's vehicle was proceeding was obstructed, constituted negligence as a matter of law. Since defendant here had a continually unobstructed view along the path upon which she was operating her automobile, the instant case is distinguishable from *Duffy* and *Kirby*. In addition, the *Duffy* and *Kirby* cases, as opposed to the case at bar, involved assertions of error in the conduct of the trial, and the reviewing courts there granted plaintiffs new trials generally. Thus, the disposition of *Duffy* and *Kirby* left for consideration by juries such issues as causation, which would not be open for jury consideration if we were to grant plaintiff's request for a judgment *n.o.v.* Plaintiff also cites *Petersen v. General Rug & Carpet Cleaners, Inc.* (1st Dist. 1947), 333 Ill. App. 47, where the court held, in response to defendants' attack on a jury verdict for plaintiff, that the pedestrian plaintiff had the right-of-way over defendant's vehicle even though plaintiff, who was uncontradictedly in a crosswalk, was obstructed from defendant's view by a street car as defendants' vehicle entered the crosswalk. The *Petersen* case is also distinguishable due to the posture of the case and due to the lack of direct evidence in the case before us that plaintiff here was in the crosswalk when the defendant entered the crosswalk.

A final observation should be made on the issues generally and is stated in *Hall v. Randell* (1st Dist. 1975), 26 Ill. App. 3d 505, 509, 325 N.E.2d 326, to the effect that:

> "The mere occurrence of an automobile accident in which a child is injured does not give rise to an inference of negligence on the part of a motorist. It remains the plaintiff's burden to prove the motorist's negligence and his responsibility for the plaintiff's injuries. *Grill v. Bradley* (1959), 22 Ill. App. 2d 535, 161 N.E.2d 347."

While the evidence at the trial in this cause may have supported a jury finding of negligence on the part of the defendant, we cannot say, on the basis of the record, that it so overwhelmingly favors the plaintiff as to permit us to grant judgment *n.o.v.* under the *Pedrick* standard. For the reasons stated, therefore, the judgment of the Circuit Court of La Salle County is affirmed.

Affirmed.

STENGEL and SCOTT, JJ., concur.