DONALD G. HOLEMAN, a Minor, by Monmouth Trust and Savings Bank, Plaintiff-Appellant, *v.* WILLIAM H. SMALLWOOD, Defendant-Appellee.

Third District    No. 79-979

Opinion filed October 29, 1980.—Rehearing denied November 26, 1980.

Joseph T. McGuire and Kevin W. Dillon, both of Perz & McGuire, of Chicago, for appellant.

Burrel Barash, of Barash & Stoerzbach, of Galesburg, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

On May 5, 1977, at 3 p.m., 6-year-old Donald Holeman was walking home from school with two friends on the sidewalk on the south side of 9th Street in Monmouth, Illinois, when they came to the Main Street intersection. The traffic light controlling 9th Street traffic was green, and the pedestrian control signal facing the boys said "WALK." Donald started to cross Main Street in the crosswalk when he collided with a school bus and fell to the ground. The bus, driven by William Smallwood, had been proceeding westerly on 9th Street. At the Main Street intersection the bus had begun a left turn onto Main Street when the accident occurred. The bus came to a stop with the left rear dual wheels resting upon the child's abdomen and pelvis, causing severe injuries. Suit was filed against the driver and against the owner of the bus. The owner was later dismissed from the suit. At the conclusion of the trial before a jury, a verdict was returned in favor of defendant. Plaintiff appeals.

Before considering plaintiff's contentions, a brief summary of the evidence will be helpful. Defendant Smallwood was called as an adverse witness pursuant to section 60 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 60). He stated that he was driving an empty bus on his way to make a pickup at Achievement Industries, a handicapped workshop, going west on 9th Street about 3 p.m., when he passed Harding Elementary School and approached the Main Street intersection. He knew that school children would be crossing the street at that location at that time of day. He had a green light, and after checking all around the intersection, he slowly began a left turn while traveling 5 or 10 m.p.h. As the bus was crossing the Main Street crosswalk, he heard a thud, put on his

brakes, and, looking in his outside rearview mirror, he saw a child lying on the ground under his left rear wheels. He quickly moved the bus off the boy, and then got out to give the boy assistance.

The two young companions of the injured boy also testified at trial. Both boys said that the "WALK" light was on as they approached the crosswalk, that they saw the bus turning, that they stayed together at the curb while plaintiff ran into the street, that plaintiff ran into the side of the bus, and that as he did so, he put his hands up and then slid under the bus.

Plaintiff Donnie Holeman, who at the time of trial was almost 9 years old, testified in his own behalf. He stated that the traffic light was green and that the pedestrian light said "WALK" when he started walking and running across the street. He said he was almost to the other side when all of a sudden the bus was in front of him; he put out his hands, and his hands and knees hit the bus. The bus knocked him over backwards, and then the bus was on top of him. He also said on cross-examination that he did not see the bus before he ran into it. The remainder of plaintiff's evidence related to his injuries and medical treatment. In addition to a fractured pelvis, the urinary tubes leading from his bladder were severed, and certain permanent disabilities have resulted.

Defendant William Smallwood testified briefly in his own behalf. The chief defense witness was Darrell Scott Ford, who saw the accident while stopped for the red stoplight in the northbound lane of Main Street. The car he was driving was the first car at the stoplight, about 3 feet from the crosswalk. He stated that when he was about one-half block away, approaching the intersection, he saw some children in the crosswalk, but there were no pedestrians in the intersection when he came to a stop. He then saw the three boys coming down the sidewalk, and the bus crossing the intersection. Ford testified that the bus was already across the crosswalk when plaintiff ran into the street. He said that as plaintiff ran, he looked back to his left at Ford's car and then ran into the side of the bus.

In addition to returning a general verdict in favor of defendant, the jury returned two special interrogatories, one finding that defendant was not guilty of negligence and the second finding that plaintiff's injuries were not proximately caused by defendant's negligence.

Upon appeal from the judgment entered in favor of defendant, plaintiff first contends that defendant was liable as a matter of law for violating a provision of the Illinois Vehicle Code when he failed to yield the right-of-way to a pedestrian and that the court should have directed a verdict in favor of plaintiff. Section 11—307 of the Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—307) provided:

> "Whenever special pedestrian-control signals exhibiting the words 'Walk' or 'Don't Walk' are in place such signals shall indicate as follows:

(a) *Walk*. Pedestrians facing such signal may proceed across the roadway in the direction of the signal, and shall be given the right of way by the drivers of all vehicles."

Plaintiff argues that he had an unqualified right to proceed across Main Street since he was facing a "Walk" signal and that defendant was required to yield the right-of-way to him.

■■ Contrary to plaintiff's assertion, the right-of-way statute does not give a pedestrian within a crosswalk a right-of-way over all vehicles on the street under any and all circumstances. (*Gasperik v. Simons* (1970), 124 Ill. App. 2d 360, 260 N.E.2d 458.) The Illinois Supreme Court has said:

"Each case must be considered in light of the facts and circumstances surrounding it. The pedestrian's right of way is not absolute because both he and the vehicle happen to be on the street at the same time." *Moran v. Gatz* (1945), 390 Ill. 478, 486, 62 N.E.2d 443, 446.

■■ As our statement of facts indicates, there was some conflict in the evidence as to whether the bus was already in the crosswalk when plaintiff started across the street. Because of that conflict in the evidence, the question of defendant's negligence was a question of fact for the jury. A directed verdict would not have been proper since all of the evidence, when viewed in its aspect most favorable to defendant, does not so overwhelmingly favor plaintiff that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) In a factually similar case, where a 3-year-old child ran into an intersection and collided with the side of a station wagon near the rear fender, the jury returned a verdict for defendant. Upon appeal this court affirmed, stating:

"In view of the slow speed of defendant's vehicle and the indications that the plaintiff collided with the rear of defendant's vehicle, the evidence did not preclude a jury conclusion that the plaintiff entered the crosswalk after the defendant's car had entered the crosswalk. We, therefore, cannot say as a matter of law, under the *Pedrick* standard, that the evidence so favored the plaintiff as to entitle her to judgment n.o.v. on this theory asserted by plaintiff as to defendant's negligence." (*Cusick v. Clark* (1977), 45 Ill. App. 3d 763, 360 N.E.2d 160, 164.)

We believe that statement is equally valid as to the case at bar. We have carefully considered the entire record, and we conclude that the evidence was sufficient to support the verdict of the jury.

Plaintiff also argues that defendant should not be permitted to claim he did not see plaintiff when plaintiff was obviously present in the crosswalk. (See, *e.g., Hicks v. Donoho* (1979), 79 Ill. App. 3d 541, 399 N.E.2d 138.) This principle does not apply to the facts of the instant case because of the eye-witness testimony of Ford who said the bus was already across

the crosswalk when plaintiff left the curb, ran in front of Ford's car, and collided with the side of the bus near the rear wheel. Under those circumstances, the driver of the bus could well have looked at the crosswalk prior to making his turn and not seen plaintiff. The fact that one of the children contradicted Ford by testifying that plaintiff entered the crosswalk before the bus does not render defendant's testimony inherently impossible but rather presents a question of fact which was properly left to the jury to answer.

Plaintiff next contends that the trial court erred in permitting defendant to refer during *voir dire* to the charitable activities of Warren Achievement, Inc., the corporate owner of the bus. At the time the *voir dire* examination occurred, Warren Achievement, Inc., was a party defendant. Thereafter, the corporation was dismissed by plaintiff before any witnesses were called. The questions which plaintiff objected to were directed to prospective jurors to determine any possible relationship to Warren Achievement which would indicate prejudice or bias. It would unnecessarily lengthen this opinion to set out the various questions challenged by plaintiff. We think it sufficient to say that we have reviewed the record, and we find that the trial court did not err in denying plaintiff's objections.

■■ The final claim of error is that during closing argument, defense counsel allegedly interjected "a racial reference" which was "highly inflammatory and prejudicial" to plaintiff. We do not agree. Defense counsel first said that a child is no different from an adult when asking a court and jury for money damages. He then stated: "Black and white, young and old, they are all the same. They are all equal when they walk into this courtroom * * *." We see nothing inflammatory or prejudicial in this statement, particularly in the absence of any objection by plaintiff at the time.

We believe plaintiff received a fair trial, and while we sympathize with his plight, we cannot say that the court erred in entering judgment for defendant.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.