CARLOS HERNANDEZ, a Minor, by Ramona Hernandez, his Mother and Next Friend, Plaintiff-Appellant, *v.* BERNARD LUKAS, Defendant-Appellee.

First District (5th Division)    No. 80-2871

Opinion filed February 5, 1982.

David S. Pochis, Ltd., and Alan D. Katz, both of Chicago, for appellant.

Jerome H. Torshen, Ltd., and Garretson & Santora, both of Chicago (Jerome H. Torshen and Abigail K. Spreyer, of counsel), for appellee.

JUSTICE WILSON delivered the opinion of the court:

Plaintiff appeals from a judgment in favor of defendant upon a jury verdict finding him not guilty for plaintiff's injuries. Plaintiff contends the judgment was against the manifest weight of the evidence; and defense counsel's closing argument denied him a fair trial. The pertinent facts follow.

On April 24, 1974, defendant was driving within the speed limit west on Logan Boulevard when he struck plaintiff, age 6, injuring him. The time of the occurrence was approximately 4:30 p.m. and the weather was clear and dry. In the vicinity of the occurrence, Logan Boulevard consists of two eastbound lanes and two westbound lanes. On either side of the boulevard are grassy, tree-lined parkways.

Defendant observed neighborhood children playing in the parkways on prior occasions. It was not, however, fixed in his mind that children played in the area where the accident occurred. He was traveling in the

right-hand westbound lane, approximately two car lengths, or 30 feet behind another automobile (the Tensor car). He first noticed plaintiff when plaintiff was 20 to 30 feet in front of him and about three feet off the curb into the street. He immediately slammed on his brakes and swerved to the left to avoid plaintiff; however, his left front fender did come into contact with plaintiff near the dividing line between the eastbound and westbound lanes. At the point of impact, defendant's vehicle was barely moving. There was no evidence of skid marks indicating excessive speed.

Plaintiff stated that he joined some other children playing ball on the south parkway. The ball had gone across the boulevard to the north parkway, and he went to retrieve it. He then started to run back across the boulevard, when he was struck.

The passenger in the preceding automobile, Maria Pawlas, testified that she and the driver first noticed plaintiff on the curb of the north parkway, 20 to 30 feet in front of their car. She asked the driver to move over to the next lane as it appeared that the child would dart into the street. When she turned around, she noticed that the child had moved into the street in front of the driver behind them.

During final argument, defendant's counsel stated that:

"The plaintiff was injured six years ago. The defendant had been under jeopardy for six years.

PLAINTIFF'S COUNSEL: I'm going to object to that. There is nothing in the evidence that he has been under jeopardy.

THE COURT: Disregard both of those comments, and sit down, counsel.

DEFENDANT'S COUNSEL: The lawsuit has been pending here since the year 1975, so don't throw it away. Do it right, do it fair. We can live with it. Thank you, ladies and gentlemen."

In response, plaintiff's counsel argued as follows:

"Now, with respect to the fact that this case has pended for five odd years, that's neither Mr. Lukas's fault nor the fault of the plaintiff; and I'm not too sure it's anybody's fault. But this case is being tried in its regular term. You file your lawsuit, and you wait. And we've waited, both of us for five years. So there is nothing strange or unusual."

A verdict and a judgment thereon was entered for defendant. This appeal follows.

Opinion

Plaintiff argues that the jury's verdict was contrary to the manifest weight of the evidence. It is his contention that the evidence discloses that defendant was negligent in maintaining a lookout and in the operation of his vehicle.

There is no issue as to the contributory negligence of the minor in this matter. (Illinois Pattern Jury Instruction, Civil, No. 11.03 (2d ed. 1971).) However, the mere fact of an accident does not raise the presumption of negligence on the part of the driver, even when he is aware that there are children in the vicinity. (*Eleopoulos v. Dzakovich* (1981), 94 Ill. App. 3d 595, 418 N.E.2d 980; *Cusick v. Clark* (1964), 45 Ill. App. 3d 763, 360 N.E.2d 160.) Plaintiff must still prove that defendant did not exercise due care. (*Hayes v. Alsburg* (1978), 72 Ill. 2d 560, 382 N.E.2d 239.) In *Morrison v. Flowers* (1923), 308 Ill. 189, 139 N.E. 10, our supreme court stated that:

> "When a motor vehicle is proceeding along at a lawful speed and is obeying all the requirements of the law of the road and all the regulations for operation of such machine, the driver is not, as a general proposition, liable for injuries received by a child who darts in front of the machine so suddenly that its driver cannot stop or otherwise avoid the injury * * *." (308 Ill. 189, 197.)

Both *Eleopoulos* and *Cusick* are factually similar to the matter before us in that they involve instances where children ran into the street and suffered personal injuries as a result of being struck by the vehicles. In both of these cases, jury verdicts for defendants were upheld on appeal.

■■ In the matter before us, the record shows that defendant was proceeding in lawful manner within the speed limit when the child ran into the street and was struck by defendant's vehicle. Defendant slammed on his brakes and swerved to avoid hitting the child. Under those circumstances, it appears that defendant did all he could do to avoid hitting the child. This was an emergency situation thrust upon the driver too suddenly to avoid. (*Whitehurst v. Bauer* (1977), 45 Ill. App. 3d 462, 359 N.E.2d 1176.) A court of review will not substitute its judgment for that of the jury and set aside the verdict unless there is a lack of a reasonable basis for the verdict shown in the record. (*Slowik v. Schrack* (1979), 77 Ill. App. 3d 42, 395 N.E.2d 753.) Thus, we believe that the evidence was sufficient to support the verdict of the jury. As the appropriate inquiry in this matter is whether, considering all of the evidence in an aspect most favorable to the defendant, it so overwhelmingly favors plaintiff, that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504; *Holeman v. Smallwood* (1980), 89 Ill. App. 3d 796, 412 N.E.2d 41.) We carefully considered the record and cannot conclude that an opposite conclusion is clearly evident.

Plaintiff's next contention is that defense counsel's statement to the jury that "defendant has been under jeopardy for six years" denied him a fair trial. Plaintiff asserts that this statement implies that defendant would suffer damage either to his liberty or estate. We disagree.

■■ In determining whether counsel's argument was cause for reversal, we must decide that such comment prejudiced the defeated party. (*La Salle National Bank v. Wieboldt Stores, Inc.* (1965), 60 Ill. App. 2d 188, 208 N.E.2d 845, *appeal after remand* (1968), 102 Ill. App. 2d 339, 243 N.E.2d 328. See also *Clamage v. Shapiro* (1977), 48 Ill. App. 3d 90, 365 N.E.2d 471.) Such an argument as now advanced by plaintiff's counsel was made in *Reeves v. Eckles* (1969), 108 Ill. App. 2d 427, 248 N.E.2d 125, a case brought on behalf of a child to recover for injuries. In that case, defendant's counsel stated, "They are trying to reach into my client's pocket. * * * They want money. * * *" (108 Ill. App. 2d 427, 432.) An objection was sustained; nevertheless, plaintiff's counsel argued that the jury was led to believe that the defendants were not insured. The court concluded that the remarks were not reasonably subject to plaintiff's interpretation, and in any event the trial court instructed the jury to disregard them. Likewise, in the instant case defense counsel's remarks did not constitute an improper insinuation of noninsurance. Further, an objection was sustained and the jury was asked to disregard that comment and plaintiff counsel's remark following his objection. Such action is generally sufficient to cure any alleged errors. *People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233.

For the foregoing reason, we affirm the judgment of the trial court.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.