**Peggy Ann Reeves, a Minor, by Patricia Reeves, Her Mother and Next Friend, Plaintiff-Appellant, v. Walter and Dorothy Eckles, Defendants-Appellees.**

Gen. No. 68–145.

Second District.

May 15, 1969.

Rehearing denied and opinion modified June 25, 1969.

Lane, Falasz & Pollman, and Willard J. Stepek, of Chicago, for appellant.

Leo Sullivan, III, Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellees.

PRESIDING JUSTICE MORAN delivered the opinion of the court.

On August 24, 1963, the minor plaintiff, Peggy Ann Reeves, aged two, was bitten on the face by the dog of the defendants. This suit was filed alleging in Count I, a common-law negligence action; in Count II, a wilful and wanton misconduct action and in Count III, an action seeking recovery for the mother's medical expenses based upon a common-law negligence theory.

Initially, the trial court dismissed the complaint on the grounds that the statute (Ill Rev Stats 1963, c 8, § 12d) had abrogated the common-law cause of action for recovery in a dog bite case. The case was then appealed to this court and in Reeves v. Eckles, 77 Ill App2d 408, 222 NE2d 530 (1966) we reversed, holding that the statute merely supplied an alternative remedy and that both the statutory action and the common law action existed. The case was remanded for trial. Count I and III were submitted for deliberation and the jury rendered a verdict on Count I in the amount of $1,800 and a not guilty verdict on Count III.

Only the minor, Peggy Ann Reeves, referred to herein as plaintiff, appeals claiming prejudicial error in that the defendants gave an inaccurate answer to an interrogatory and failed to answer a supplementary interrogatory;

that the jury's verdict was a compromise and that the trial court failed to adequately protect her interests as a minor when it denied her motion for a new trial on damages only.

Prior to trial, plaintiff served interrogatories inquiring of "liability coverage" and "other applicable insurance covering liability for damages or injuries." The defendants answered these interrogatories stating the amount of the liability coverage and then answering "medical payments: not applicable."

On July 21, 1965, plaintiff filed additional interrogatories, this time making specific inquiry as to medical payment coverage. The case went to trial on June 22, 1968, almost three years later and the supplemental interrogatories had not been answered nor had there been any effort on the part of plaintiff to require an answer.

The plaintiff now argues that the failure of defendants to answer the supplemental interrogatory made it necessary to try the actions of her mother and herself together. Because of this, and due to the fact that the mother was guilty of contributory negligence, as the jury subsequently found, it prejudiced the plaintiff in the eyes of the jury and thereby reduced her recovery.

The plaintiff's conclusion can only be based on speculation. The jury verdict was five times the amount of out-of-pocket expense and there is no basis in the record from which we can conclude that the jury was prejudiced by combining the actions of mother and daughter or that their verdict was a compromise. Indeed, the actions of mother and daughter were combined by the plaintiff in the same cause of action and plaintiff made no subsequent motion to separate them, nor did plaintiff make any effort to require the answers to supplemental interrogatories, despite the fact that they went unanswered for three years and despite the fact that plaintiff had numerous remedies to enforce the requirement of an answer. The mother could even have waived her right

to recover her out-of-pocket expense and permitted her daughter to recover this amount, McHugh v. Hirsch Clothing Co., Inc., 308 Ill App 272, 275, 31 NE2d 326 (1941), but even that was not done.

In a real sense if there was a difficulty, it was created by the plaintiff when mother and daughter were joined upon the filing of the case. This could have been remedied at any time before trial but no such steps were taken. Having now tried the case before the jury, the plaintiff is not entitled to change her theory in this court. Lewy v. Standard Plunger Elevator Co., 296 Ill 295, 304, 129 NE 775 (1921); Russell v. Rici, 67 Ill App 2d 98, 106-107, 213 NE2d 566 (1966).

The plaintiff directs our attention to Muscarello v. Peterson, 20 Ill2d 548, 170 NE2d 564 (1960), for the proposition that her rights as a minor were not adequately protected in this case. We do not understand that the Supreme Court announced any new rule of law in that case. Indeed, the Court simply reiterated a long standing and beneficial rule when it said at page 555, "The court has a duty to see that the rights of an infant are adequately protected, and is bound to notice substantial irregularities even though objections are not properly presented on its behalf." In that case the defendant insurer had deliberately supplied plaintiff's counsel with a medical report from which was deleted one paragraph dealing with causal connection. In addition, the trial court limited the cross-examination of defendant's medical witness. The combination of these errors led the Supreme Court to conclude that there were "substantial irregularities" and that the interests of the minor had not been adequately protected. In that case there was a deliberate act on the part of the insurer, coupled with an error by the trial judge in limiting cross-examination. There was no joinder of actions by the parent and minor as found in the instant case. The case certainly does not stand for the proposition that any minor can have a new

430

trial in any case just because of minority where the minor's parents are dissatisfied with the results of the first trial. In the case at bar there was no deliberate act on the part of the insurer and if the plaintiff had wanted further information she had three years to obtain it. The only act complained of was the coupling of the cause of action of the mother with her cause of action and, as we have already indicated, this was done by the plaintiff herself and not by the defendants or by the trial court.

██ The trial court did not find and we cannot conclude from the record before us that the jury's verdict was a compromise. On the contrary, the jury appears to have understood the law and the instructions and they rendered a verdict for the plaintiff five times the out-of-pocket expenses. The sum of money which will compensate an injured party entitled to recover is a matter which is peculiarly one for the jury and this court should not interfere unless the damages are palpably inadequate. Lazarro v. Garrett, 100 Ill App2d 452, 456, 242 NE2d 59 (1968); Johanneson v. Ring, 82 Ill App2d 340, 346, 226 NE2d 291 (1967). The jury had all of the evidence before it and we are unable to say that their verdict is so inadequate as to require a reversal.

In this latter connection, plaintiff's counsel advises us in his brief that the defendants offered to settle the matter for a substantially greater sum. Obviously, that is not in the record before us and we are only favored with counsel's gratuitous remarks. The fact that counsel made an offer simply indicates that they were willing to settle the case. It did not go to the jury and is not a proper factor to be considered, either by the jury or by us in determining whether or not the jury's verdict was correct. Therefore, we do not consider that information and counsel should refrain from straying from the record.

██ Finally, plaintiff argues that defense counsel made improper statements which prejudiced and deprived her of a fair trial. In final argument, defendants'

counsel said among other things, "They are trying to reach into my client's pocket. . . . They want money. . . ." Plaintiff concludes from this argument, to which an objection was sustained, that the jury was thereby prejudiced because they were led to believe that the money was coming from the defendants and that the defendants were not insured. The trial court sustained an objection to the argument and instructed the jury to disregard it. In addition, it is only by exercising the most liberal speculation that one can reach the plaintiff's conclusion. An almost identical argument was made in the case of Piechalak v. Liberty Trucking Co., 58 Ill App2d 289, 299, 208 NE2d 379 (1965), and rejected by the court, holding that the comments were not reasonably subject to the interpretation now sought by plaintiff. We reach the same conclusion. The remarks in this case are not reasonably subject to the plaintiff's interpretation and in any event the trial court instructed the jury to disregard them.

Taking the case as a whole, we find that there were no "substantial irregularities" or, indeed, any errors in the trial of the above case. The judgment is therefor affirmed.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.