ROSEMARY A. MULVEY, Admrx. *et al.,* Plaintiffs-Appellants, *v.* ILLINOIS BELL TELEPHONE COMPANY, Defendant-Appellee.

(No. 54691;

First District—May 12, 1972.

1058

James A. Dooley and Calvin K. Hubbell, both of Chicago, for appellants.

Sidley & Austin, of Chicago, (James W. Kissell, of counsel,) for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal from a jury verdict for the defendant in a wrongful death action. Plaintiff raises two issues on appeal: (1) whether in an action for wrongful death the remarriage of the surviving spouse prior to trial may be disclosed to the jury; (2) whether defense counsel's conduct during the course of the trial and in closing argument was so improper as to require a new trial. Plaintiff does not claim that the verdict was contrary to the manifest weight of the evidence.

On the evening of July 8, 1963, Thomas Mulvey, decedent, was driving east on a two lane highway when he was struck head on by Robert Owen's westbound car.

Owen had turned into Mulvey's lane after striking an unlighted sawhorse barricade that had been placed in Owen's lane by a 15-year-old boy named Charles Hauhe III. Prior to the accident several cars in the westbound lane had successfully maneuvered past the sawhorse.

On the side of the sawhorse the words "Ill. Bell Tel. Co." were

stenciled in black on a yellow background. It had been lying in the grass near the road four to six weeks prior to the collision.

Defendant Owen was dismissed during the course of the trial pursuant to a covenant not to sue. Charles Hauhe III was never a party to the lawsuit.

During a pre-trial conference plaintiff's counsel revealed that Mrs. Mulvey had remarried. Plaintiff's counsel asked that no mention be made of the remarriage at *voir dire* or during the trial.

Defense counsel insisted that he had a right to identify the parties under Supreme Court Rule 234 [1] and therefore had the right on *voir dire* to point out to the jury that Mrs. Mulvey is now Mrs. James A. Nugent. Plaintiff's counsel suggested that asking the jurors if they knew the family of Lt. James A. Nugent would be sufficient.

The judge ruled that counsel could inquire of jurors whether they were acquainted with plaintiff either under the name of Mulvey or Nugent and that he would instruct the jury on the the issue of remarriage.

During *voir dire* defense counsel stated to four jurors, over the objection of plaintiff's counsel, that "[i]n 1963, the plaintiff was known as Rosemary A. Mulvey. Her name now at the present time is Mrs. James A. Nugent. Do any of you know her by that name?" He asked similar questions of other jurors.

Plaintiff moved for a mistrial which the court denied.

The court then instructed the jury as follows:

"Under our Supreme Court Rules, however, at this time I would like to instruct you that it has been suggested that Mrs. Mulvey has remarried. You are instructed now that remarriage, if such is the fact, is immaterial and is not to be considered by you."

Plaintiff's first contention is that the disclosure of the remarriage of a surviving spouse so prejudiced the jury that a verdict in favor of the plaintiff was impossible.

■■ The majority rule in the United States and the rule in Illinois is that the subsequent remarriage of a surviving spouse does not mitigate damages in a wrongful death action and is therefore irrelevant. *Moore v. Atchison, T. & S. F. Ry. Co.* (1963), 28 Ill. App.2d 340, 171 N.E.2d 393; Annot., 87 A.L.R.2d 252.

This does not mean that a trial court should bar mention of remarriage as it relates to the identification of parties during *voir dire*. The New Jersey Supreme Court in *Dubil v. Labate*, 245 A.2d 177, 180, discusses the problem as follows:

---

[1] Ill. Rev. Stat. 1969, ch. 110A, par. 234. *"Voir Dire Examination of Jurors.* The judge shall initiate the *voir dire* examination of jurors by identifying the parties * * *."

"Though evidence of the plaintiff's remarriage is not relevant to the question of damages, we disagree with the trial court's attempt to suppress any mention of the remarriage. It would be offensive to the integrity of the judicial process if the plaintiff, after taking an oath to be truthful, were permitted to misrepresent her marital status to the jury. Of course, the defendants may not inquire into the details of the remarriage nor may they offer evidence concerning it. However, the desirable exclusion of evidence relating to the remarriage may not be carried to the point of affirmatively misrepresenting the truth to the jury. It seems to us that in the course of the trial of a wrongful death case, it would be virtually impossible to avoid mention of a remarriage without resorting to untruths. (Contrast the situation here with cases where the subject of a defendant's insurance coverage may be kept from the jury without resort to untruths. Brandimarte v. Green, 37 N.J. 557, 182 A.2d 562 (1962); Sutton v. Bell, 79 N.J.L. 507, 77 A. 42 (E. & A. 1910).) Thus, we believe that—while evidence of the details of a remarriage, such as the earnings of the new spouse or the birth of a child, is to be excluded—the mere fact of a plaintiff's remarriage should not be kept from the jury. The trial judge should instruct the jury, at the beginning of the case, that the plaintiff has remarried but that this fact is to play no role in their determination of the pecuniary advantage which would have resulted from a continuance of the life of the deceased."

Although the precise issue in the case at bar has not been discussed in an Illinois case, it is clear that Illinois courts have followed the *Dubil* position. In *Moore v. Atchison, T. & S.F. Ry. Co., supra,* at 355, this court in an FELA action stated:

"Plaintiff complains that he was prejudiced by controversy over treatment of the fact that Adair's widow had remarried again to a man named Lary. At the outset of the case the court ruled that evidence of the subsequent marriage of the widow would not be competent, and instructed the jury that the fact that any beneficiary may have married or remarried, 'if such appears in evidence or has been suggested to you is immaterial and should be disregarded by you in your deliberation.'"

The court further stated that in wrongful death actions in Illinois "* * * it is held proper for the trial court to instruct the jury not to consider the fact of the widow's remarriage."

■■ We find that it was proper, under the instructions of the court, to interrogate the jurors as to their acquaintance with plaintiff under her name as the widow and under her present married name.

Plaintiff's second contention is that defendant's comments in closing argument were so improper as to require a new trial.

Although the court had ruled contributory negligence was not an issue in the case, the plaintiff argues that defense counsel injected the issue into the trial in the following statement during closing argument:

"If you stop to think about it, if either one of them—Owen or Mulvey—had used some care and slowed down as they were approaching that intersection even a little bit—

MR. JENKINS: [counsel for the plaintiff] If your Honor please, the Court has ruled that there is no issue in this case of Mr. Mulvey's negligence. Counsel is going far beyond propriety and is being very, very unfair. There is no issue here of Mr. Mulvey's negligence."

■■■ The defendant maintains that the reference was to proximate cause, not contributory negligence. This exchange followed a long discussion by defense counsel of the manner in which Owen had been driving. It was proper for defense counsel to comment that Owen was the sole proximate cause of the accident. When taken in context, the language was clearly aimed at the issue of proximate cause. Defense counsel's use of Mulvey's name was not proper but after objection the question was rephrased to refer only to Owen.

In addition the jury was instructed by the court and told by counsel that their arguments were not evidence and that the court would instruct them as to the law. The jury was not instructed on contributory negligence but was instructed as to what the issues in the case were, including proximate cause. Plaintiff had an opportunity to answer this argument, and he did in fact do so.

We find that defense counsel's remark, taken in context, properly referred to proximate cause and therefore was not prejudicial.

■■■ Plaintiff further argues that in the following comment defense counsel continued to try to show improper conduct on the part of Mulvey, and the court failed to rule on plaintiff's objection:

"Did you hear one word as to where Mulvey had been earlier that evening, what he was doing? He was separated from his wife and was way out there in DuPage County.

Wouldn't you have expected that the plaintiff would have had someone come in and testify as to where Mulvey had been and what he had been doing? Remember, he brought in plenty of other people.

MR. JENKINS: If your Honor please, you have ruled that Mr. Mulvey was not at fault in this accident. This argument has nothing to do with that particular issue.

MR. KISSEL: Yes, it does.

MR. JENKINS: It is only to inject prejudice, as all of Counsel's argument has been. By the way, it is completely immaterial and unfair.

THE COURT: Counsel, contain yourself. You will have a chance to answer him.

MR. KISSEL: Well, I won't dwell on that. But you heard not one single word, and if it had been favorable, I am sure you would have heard something."

We find defendant's comment was irrelevant and therefore the court should have sustained plaintiff's objection. However, we do not find that the prejudice involved was sufficient to require reversal.

Plaintiff's next contention is that it was prejudicial for defendant's counsel to comment upon the fact that defendant Owen was no longer a party to the lawsuit. (He was dismissed on plaintiff's motion at the close of all the evidence.)

"Well, ladies and gentlemen, I leave it to your common sense. The mere fact that he is no longer a party to this lawsuit does not mean that he was not responsible for this accident, and your good common sense will give you the answer there.

I am not here to say that there is anything wrong in Owen no longer being a party because he was and he is responsible for that accident.

But what I say is wrong, ladies and gentlemen, is for plaintiff's counsel to come in here now and say, say in effect to you, Ladies and gentlemen, let's forget about Robert F. Owen—let's just concentrate on The Telephone Company—give us that $75,000, that he is talking about."

■■ We agree with plaintiff that defense counsel may not mention Owen's covenant not to sue, but counsel did not reveal the settlement in his comments. Defense counsel argued that even though Owen is no longer part of the suit, the jury may still find that he was the sole proximate cause of Mulvey's death. Defense counsel carefully avoided any adverse inference from Owen's leaving the suit when he said, "I am not here to say that there is  anything wrong in Owen no longer being a party because he was and he is responsible for that accident."

■■ No objection was made to this argument and cannot now be raised on appeal. *County of Cook v. Colonial Oil Corp.*, 15 Ill.2d 67, 75, 153 N.E.2d 844, 848.

■■ Plaintiff next contends it was error for defense counsel to inquire during closing argument as to why Charles W. Hauhe III was not sued. Plaintiff objected to this argument and the court sustained the objection and directed the jury to disregard it.

Defense counsel's remark was improper but not so prejudicial as to prevent the plaintiff from receiving a fair trial. (*Downs v. Camp,* 113 Ill.App.2d 221, 252 N.E.2d 46.) This is particularly true in view of the prompt ruling by the court.

■■ Plaintiff's next contention is that defendant's counsel urged plaintiff was not damaged and, through innuendo, alluded to the fact of remarriage. In support of her contention plaintiff quotes the following:

"That is what it would be, ladies and gentlemen, when you stop to consider everything. That is what it would be, a gift, something additional here, because the evidence will show that the plaintiff was not damaged. You can figure that out, ladies and gentlemen."

However, immediately thereafter defense counsel added:

"On July 8, 1963, they had ben separated for two and one-half months already at that time. If you will recall, she admitted that she did not even know whether he had a job at that time, and you will notice—once again referring to Counsel's discussion, that he talked about—no one came in here from that trucking company to say that Mulvey worked for them."

Only by exercising the most liberal speculation can one reach the conclusion that remarriage was inferred. (*Reeves v. Eckles,* 108 Ill.App.2d 427, 432, 248 N.E.2d 125.) Defendant's remarks taken together are directed at plaintiff's failure to prove damages—a central issue in this case—and we find no prejudice.

■■ Plaintiff next urges that since the employer of Mulvey was equally available to defendant, the above remarks did not meet the standards of IPI Instruction 5.01 and created an unfavorable presumption. Defense counsel properly suggested to the jury that plaintiff failed to prove that Mulvey worked for the trucking company. Additionally, defendant was answering plaintiff's argument which described Mulvey as "the breadwinner" and referred to "raises in the future."

Plaintiff's next contention is that it was prejudicial for defense counsel to point out to the jury that the plaintiff had presented no evidence that Mr. Mulvey had instructed or taught his child and that such evidence was usually presented in a case such as the case at bar.

Plaintiff argues, as she did in closing argument, that this was a case of pecuniary loss and therefore defense counsel's remark was improper.

We note that in defining measure of damages IPI Instruction 31.02 (31.04 in IPI second edition) includes:

"What instruction, moral training, and superintendence of education he might reasonably have given his child had he lived;

His habits of industry, sobriety and thrift; [2]  *  *  *."

■■ The plaintiff did not make a timely objection to defense counsel's remark. Although we recognize that some remarks are so prejudicial

---

[2] This portion of the IPI was not given since plaintiff did not introduce any evidence as to these factors.

as to require reversal even without an objection, defense counsel's remark does not fall in that category. (See *Osborne v. Leonard,* 99 Ill.App.2d 391, 240 N.E.2d 769.) Plaintiff therefore waived any objection to defense counsel's remark.

■■ Finally, we note that:

"The object of the review of judgments of trial courts by courts of appellate jurisdiction is not to determine whether the record is free from error but to ascertain whether a just conclusion has been reached, founded upon competent and sufficient evidence, in a trial in which no error has occurred which might be prejudicial to the defendant's rights." *People v. Storer,* 329 Ill. 536, 342, 161 N.E. 76.

We find in the case at bar that the rights of the plaintiff were not prejudiced. The judgment of the circuit court is therefore affirmed.

Judgment affirmed.

LORENZ, P. J., and ENGLISH, J., concur.