Emma LAGUNA, Appellant,

v.

Estel LeRoy PROUTY, Appellee.

No. 63786.

Supreme Court of Iowa.

Jan. 14, 1981.

Frederick G. White and Walter W. Rothschild, Waterloo, for appellant.

Greg Knoploh of Kersten, Opheim, Carlson & Trevino, Fort Dodge, for appellee.

McCORMICK, Justice.

This appeal involves a passenger's personal injury claim arising from a motor vehicle accident. Plaintiff Emma Laguna was a passenger in an automobile driven by her husband which collided on highway 30 in Boone County with the rear of a flatbed tractor-trailer unit driven by defendant Estel LeRoy Prouty. Visibility was obscured by fog at the time of the accident. Appealing from judgment entered on an adverse

jury verdict, plaintiff contends the trial court erred in four rulings during trial and in overruling her motion for new trial. We affirm.

The questions are whether the trial court erred in sustaining an objection to a photograph of the accident scene, in overruling a motion to strike a deputy sheriff's estimate of the automobile's speed at the time of impact, in overruling an objection to a statement of defense counsel in final argument, in overruling an objection to an instruction on assured clear distance, and in overruling a motion for new trial based on the accumulation of erroneous rulings.

■ I. *The photograph.* Although a diagram of the accident scene and other photographs were admitted, the trial court sustained defendant's objection to a photograph purporting to show a deputy sheriff standing at the point of impact. The problem with the photograph is that the deputy testified at trial he was standing in the wrong place. Under the standard explained in *Twyford v. Weber*, 220 N.W.2d 919, 924–26 (Iowa 1974), we find no abuse of discretion in the court's ruling.

II. *The speed estimate.* When asked if he had an opinion of the speed of the automobile at impact, the deputy estimated its speed at "around 35 miles an hour." Plaintiff's counsel did not object to the question but after the answer said: "I move to strike that as it's given voluntarily and no foundation to have such an opinion before the jury." The trial court overruled the motion.

■ In assigning the ruling as error, plaintiff asserts that the failure to make a timely objection is excused because the question called only for a yes or no answer. When an answer of an adverse party's witness is voluntary and unexpected, the answer may be attacked by motion to strike. *Harrison v. Ulicki*, 193 N.W.2d 533, 537 (Iowa 1972). However, the motion to strike must show why the answer is inadmissible, not merely that it was unexpected. The problem here is that the ground of the motion to strike is inadequate to preserve

error. Reversible error ordinarily cannot be predicated upon the general objection that no proper foundation has been laid for admission of an opinion. *Hedges v. Conder*, 166 N.W.2d 844, 856 (Iowa 1969).

Plaintiff argues the motion was sufficient to alert the trial court in this case because an objection had been made and sustained earlier on the same ground. The record shows the witness had earlier been asked if he had an estimate of "the differential speed from the automobile and the truck at the time of the impact." Plaintiff's counsel objected on the grounds of "no qualification" and "no foundation," and the objection was sustained. This objection does not lend any specificity to the subsequent motion to strike. Several foundational questions were interposed between the time the objection was sustained and the motion to strike was made. The motion was insufficient to alert the trial court to any specific foundational deficiency.

We conclude the motion to strike did not preserve error.

III. *Final argument.* In her petition, plaintiff asked for $200,000 in damages from defendant. Final arguments were not reported. However, a record was made in chambers concerning a statement made by defense counsel Don N. Kersten during his argument. Mr. Kersten acknowledged telling the jury plaintiff "has come into Boone County asking a Boone County jury to take $200,000 out of the pocket ... of the defendant." Plaintiff objected to the statement on two grounds. She asserted it was an appeal to local prejudice, and she alleged it improperly referred to the method of collection of any judgment which might result from a plaintiff's verdict. She did not move for mistrial.

The trial court sustained the objection based on the alleged appeal to local prejudice and offered to admonish the jury about it if plaintiff requested. The record does not show a request was made. The court overruled the remainder of the objection.

In defending his jury argument during the in-chambers discussion, attorney Kersten said:

I maintain that insurance is merely an indemnity matter between the insured and his own insured. [It] is true that Mrs. Laguna has come into this court and has asked this jury to take $200,000 out of Mr. Prouty's pocket. How the money gets into his pocket is insurance, but this is what she has actually done.

Plaintiff's counsel admitted that the petition requested an award of damages from defendant. However, he contended that the argument implied defendant would pay the award. Pretrial discovery had established defendant had liability insurance coverage of $1,000,000. The court stood by its ruling.

■ Defense counsel's reference to defendant's residency was the kind of remark this court has held can be cured by an admonition to the jury by the trial court. *See Turner v. Jones,* 215 N.W.2d 289, 291 (Iowa 1974). By failing to request an admonition in response to the court's offer, plaintiff waived any error based on that aspect of the statement.

Plaintiff did preserve error on the ground that the remark improperly implied defendant was uninsured. We believe defense counsel was correct in asserting insurance was a matter of indemnity between defendant and his carrier. However, we also believe the argument that plaintiff was asking the jury to take $200,000 "out of the pocket" of defendant could reasonably be taken to imply defendant was uninsured. In reaching this conclusion, we disagree with cases from other jurisdictions cited by defendant. *See, e. g., Reeves v. Eckles,* 108 Ill.App.2d 427, 248 N.E.2d 125 (1969); *Kirk v. Harris,* 364 N.E.2d 145 (Ind.App.1977).

■ We have not previously been required to decide whether an argument which permits a jury to infer a defendant is uninsured is objectionable. Plaintiff contends the argument was improper because it could have misled the jury into believing defendant was uninsured, which was not the fact. She argues the remedy should be the same as when the existence of insurance is improperly injected into a case. When the reference to insurance is inten-tional, the resulting prejudice cannot be cured by an instruction. *Price v. King,* 255 Iowa 314, 322, 122 N.W.2d 318, 323 (1963). However, not all of the same considerations are applicable when lack of insurance is suggested.

The court has recognized three reasons for inadmissibility of evidence of the existence of insurance. First, the evidence is ordinarily irrelevant to any issue in the case. Second, it tends to influence jurors to bring in a verdict against a defendant on insufficient evidence. Third, it causes jurors to bring in a larger verdict than they would if they believed the defendant would be required to pay it. *Mihalovich v. Appanoose County,* 217 N.W.2d 564, 567 (Iowa 1974). These reasons show that the jury is to decide a case as if the defendant were not insured. The contention has been forcefully urged in another context that persons should not be denied property rights because they have purchased insurance rather than saved the funds which might otherwise have been spent on premiums. *See Rudolph v. Iowa Methodist Medical Center,* 293 N.W.2d 550, 567 (Iowa 1980) (Reynoldson, C. J., dissenting).

In any event, the reasons for inadmissibility of evidence of lack of insurance are not the same. The only common reason is the irrelevance of the evidence to any issue in the case. Otherwise, when a jury is told the defendant is not insured, it is told nothing different from what it is required to assume if it did not know whether the defendant was insured.

■ Thus the problem in the present case is not that the jury might be misled to the inaccurate conclusion that the defendant was uninsured. The problem is that the conclusion, whether accurate or not, had no relevance to any issue in the case. Thus, even if the inference were accurate, the argument was objectionable. Plaintiff's objection should have been sustained on the ground initially urged which essentially raised the relevancy issue.

We have long recognized juries are inclined to speculate during their delibera-

tions about the existence of insurance. In order to discourage this practice and to remove temptation from any party to inject the issue of existence or nonexistence of insurance into the case, we repeat the statement in *Price v. King* that:

[I]t would be far better practice to routinely tell a jury by proper instruction that whether or not any party has any kind of insurance has nothing whatsoever to do with the issues to be decided by the jury. Such is the law and in the administration of justice the truth is more effective than mystery. Such an instruction should also warn the jury against speculation as to the existence, kind or amount of insurance coverage.

255 Iowa at 321, 122 N.W.2d at 323.

The question remains whether the court's error in overruling the objection and refusing to admonish the jury as requested requires reversal. The rule is: "Before a new trial will be granted for misconduct in argument it must appear prejudice resulted or a different result could have been probable but for such misconduct." *Rasmussen v. Thilges*, 174 N.W.2d 384, 391 (Iowa 1970). Applying the rule here, we do not think a new trial is warranted.

One reason for this conclusion is that the court did admonish the jury in this case that it was not to consider the subject of insurance in its deliberations. In overruling the motion for new trial, the trial court stated that at a recess during arguments a juror asked the court in the absence of other jurors what part insurance would play in the jury's decision. The court advised the juror insurance would have no bearing on the decision. The court informed counsel of this conversation and of the court's intention to tell the jury about it. When counsel did not object, the court reported the conversation to the jury. Thus the jury in this case was admonished in substantial conformity with the suggestion in *Price v. King*. We will not assume the jury disregarded the court's admonition.

Under the whole record, the court's ruling on the objection does not require reversal.

IV. *The assured clear distance instruction.* The court instructed the jury, over plaintiff's objection, on the duty of plaintiff's husband under the assured clear distance statute, section 321.285. The instruction related to defendant's contention that the husband's negligence was the sole proximate cause of the accident. The dispute concerns whether a factual basis existed for the instruction.

The test for determining when a jury question exists on the assured clear distance issue is set out in *Coppola v. Jameson*, 200 N.W.2d 877, 880 (Iowa 1972), and explained in *Nolte v. Case*, 221 N.W.2d 741, 744–45 (Iowa 1974). Plaintiff asserts the instruction should not have been given because the truck turned onto the highway in the automobile's path just before the collision. Other evidence, however, would permit the jury to find the truck had completed its turn and was proceeding down the highway at the time of impact. The court tailored the instruction to make the doctrine inapplicable if the jury accepted plaintiff's version of the evidence. A jury question existed, and the court did not err in submitting the issue.

V. *New trial.* In contending the trial court erred in overruling her motion for new trial, plaintiff relies on the cumulative effect of her other assignments of error. Based on our consideration of those issues, we find no abuse of discretion in the court's denial of the motion.

No reversible error has been shown.

AFFIRMED.

All justices concur except McGIVERIN, J., who concurs specially, and UHLENHOPP and HARRIS, JJ., who dissent.

McGIVERIN, Justice (concurring specially).

I join all of the majority opinion and the result, except for division III.

As to division III, I believe the trial court's ruling was correct relative to defendant's final argument.

The jury argument of defense counsel was that the plaintiff "has come into Boone County asking a Boone County jury to take $200,000 out of the pocket . . . of the defendant." I believe that is fair argument by defendant because it accurately paraphrases exactly what plaintiff's petition on its face sought to do.

The trial court was well within its discretion in overruling plaintiff's objection that the argument was improper as injecting insurance into the case.

UHLENHOPP, Justice (dissenting).

We all agree, I think, that the existence or nonexistence of liability insurance is ordinarily irrelevant in tort cases. Usually the question in those cases is, did the defendant negligently cause damages, not, who will ultimately pay the damages. Hence the matter of insurance is not to be disclosed to the fact finder.

Two distinct situations may arise, however, regarding the presence or absence of insurance. One is the situation in which the defendant is insured and the plaintiff seeks to disclose that fact to the jury, or the defendant is uninsured and the defendant seeks to disclose that fact to the jury. The second is the situation in which the defendant is uninsured and the plaintiff seeks to give the jury the impression the defendant is insured, or the defendant is insured and the defendant seeks to give the jury the impression he is uninsured.

A basic difference exists between the two situations. In the first situation the matter sought to be shown is irrelevant but true. In the second situation the matter sought to be shown is both irrelevant and untrue. The first situation is serious but the second is much more serious.

I realize that defense attorneys not uncommonly have made jury arguments similar to the present one: "Are you going to take X dollars out of the defendant's pocket and give it to the plaintiff?" At least where the defendant has insurance which is adequate, as the defendant does here, this argument creates a misimpression; it conveys the thought that the defendant personally will pay the judgment, whereas in fact the insurer will pay the judgment. Manifestly that is the misimpression sought to be given, otherwise the arguer would ask the jury: "Are you going to take X dollars out of the pocket of the Y Insurance Company and give it to the plaintiff?" That question would still be irrelevant, but it would not create a misimpression as to who will bear the loss.

We have a number of decisions which already state our rules in the first situation of irrelevant but true disclosure to the jury. I think we should not only firmly disapprove practices which fall within the second situation, whether they involve plaintiffs or defendants, but we should also enforce our disapproval by requiring retrial where the offending party prevailed at the first trial.

I concur in divisions I, II, and IV of the majority opinion, but I dissent from division III and the result.

HARRIS, Justice (dissenting).

I dissent from division III of the majority opinion in which it is held that the trial court's error does not require a reversal. I believe the error does demand a reversal.

It plainly was not the truth for defense counsel to suggest to the jury that the defendant here stood to lose $200,000 under plaintiff's claim for damages. Defendant stood to lose nothing and counsel knew it. The deceptive nature of the statement should not be tolerated on the claim that the error was harmless or was cured by the trial court's instruction. Under disciplinary rule 7–102(A)(5) a lawyer shall not "knowingly make a false statement of law or fact." The suggestion of defense counsel in the argument here, no matter how it is excused, was a false statement of fact. I do not think it is enough to criticize or condemn such a practice. Simple honesty demands that the practice should be absolutely prohibited.

Defendant here attempts to justify the argument on a claim that it merely makes the jury believe, though mistakenly, what the law would have them believe: insur-

ance has nothing to do with the case. I have the gravest doubts that this justification was the real reason for the argument. It is much easier to believe that the argument's purpose was to trick the jury into believing there was no insurance in this case. To so mislead jurors is demeaning to them and to the judicial process. They should be treated with more honesty and forthrightness if we are to keep the courts, and the law itself, from having a bad name.

If the argument is tolerated there is no place to stop. We have said a plaintiff's lawyer, under these circumstances, might be excused if they retaliate by answering in jury argument that defendant will not personally be required to pay. *Mongar v. Barnard*, 248 Iowa 899, 906–07, 82 N.W.2d 765, 770–71 (1957). Under the guise of trial court discretion would the majority here allow a plaintiff's counsel to be similarly deceptive? What if plaintiff's counsel suggested to a jury there is in fact insurance when he knows there is not?

The tactics employed here should be absolutely and totally driven from our trial procedure. Because the argument was false and deceptive it cries out for an absolute reversal, not a mere disapproval.