# IN THE COURT OF APPEALS OF IOWA

No. 14-1603
Filed February 10, 2016

**IDORENYIN SALAMI,**
        Plaintiff-Appellant,

**vs.**

**VON MAUR, INC. and SARA WHITLOCK,**
        Defendants-Appellees.

_____

        Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

        Idorenyin Salami appeals from the district court's denial of her motion for mistrial. **AFFIRMED.**

        Brooke Timmer and Whitney Judkins of Fiedler & Timmer, P.L.L.C., Urbandale, for appellant.

        Frank Harty, Debra Hulett, and Ryan W. Leemkuil of Nymaster Goode, P.C., Des Moines, for appellees.

        Heard by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Idorenyin Salami appeals from the district court's denial of her motion for mistrial, contending defense counsel improperly injected the topic of liability insurance into the proceedings and the district court's belated curative instruction was not a sufficient remedy. Finding no abuse of discretion, we affirm.

**I. Background Facts and Proceedings.**

Salami brought a race discrimination claim against her employer, Von Maur, and her supervisor, Sara Whitlock. During voir dire, a potential juror, Mr. Reynolds, stated that he was in the insurance business and that his firm handled employee benefit insurance for Von Maur. Mr. Reynolds noted that his company did not provide "employee practice liability" coverage for Von Maur, but he viewed the situation as a conflict of interest. Mr. Reynolds was excused from jury service.

Another potential juror, Mr. Rudd, explained that his company had been involved in an age discrimination lawsuit. According to Mr. Rudd, his company had "employment practice insurance." He continued, "That the thing was settled for far less than what I would consider a nominal amount of money because there was no basis to the darn thing at all. And had we not had the insurance, I'm convinced to this day it would have never proceeded." Salami's counsel asked Mr. Rudd whether it would be "difficult for you to find against Von Maur because you may kind of consider yourself in the same boat as them." He responded, "That's a possibility." Salami's counsel continued questioning prospective jurors.

Sometime later, Von Maur's counsel asked Mr. Rudd if he knew Mr. Reynolds. The following then occurred:

> **JUROR RUDD:** Yeah, I did actually.
> **MR. HARTY:** I thought you might. I don't know, several of you probably. There's a guy that's—maybe they don't watch the fundraising, you know. You know him. He mentioned something that you picked up on. There's no—there's no employment action liability insurance involved in this case.
> **JUROR RUDD:** Yes. I just assumed there was because he mentioned it.
> **MR. HARTY:** He said he didn't write it.
> **JUROR RUDD:** He didn't write it, and I just—
> **MR. HARTY:** I wanted to make sure.
> **JUROR RUDD:** The major person that writes our insurance does not write the policy so I just—
> **MR. HARTY:** So I just want you to know that.
> **JUROR RUDD:** Okay.
> **MS. TIMMER:** Objection.
> **MR. HARTY:** And I want to ask you—
> **THE COURT:** Hold on a second. There's an objection.
> **MS. TIMMER:** I think it's improper argument during voir dire to discuss the status of insurance.
> **THE COURT:** Sustained.
> **MR. HARTY:** Do you have any problem, Mr. Rudd, with the fact that some of you are going to have to spend over a week and that we're going to be tying up this courtroom? And certainly there are resources because my client wants their day in court. Sara Whitlock and Von Maur, they want to say, "We've been accused of this. We didn't do it." Do you have any issue with that that we're here?
> **JUROR RUDD:** No. That we're here for that period of time? Yeah, actually I do.
> **MR. HARTY:** You think it should be done sooner?
> **JUROR RUDD:** Yeah. I think. Again, I'm going to tell you I'm surprised that it's even reached the jury stage. And now I kind of understand why.

The parties continued with jury selection. Salami's counsel ultimately struck Mr. Rudd.

After jury selection was completed, Salami's counsel moved for a mistrial based on defense counsel's statement regarding insurance. The district court

invited the parties to brief the issue and informed them it would rule on the motion the following morning.

The next morning (May 20, 2014), the court issued a ruling denying the motion for mistrial. While recognizing the general rule that evidence of insurance coverage is inadmissible, the court's ruling cited several Iowa cases stating that the mention of insurance does not necessarily entitle a party to a mistrial. Rather, the moving party must show prejudice, and the district court found Salami had not shown prejudice. The court noted the jury would not be concerned with Von Maur's ability to pay a judgment.

Salami's counsel did not propose an immediate curative instruction, stating a curative instruction would be inadequate and would unnecessarily "bring the jury back" to the mention of insurance.

Following a six-day jury trial, Salami did request an instruction concerning insurance. The district court informed the jury in Instruction 21:

> In deciding whether or not Defendants are liable in determining what amounts, if any, to award in damages, you must not consider whether or not Defendants have insurance that might pay all or part of your verdict. Whether or not a party has liability insurance has no relevance.

The jury returned a verdict in favor of Von Maur and Whitlock.

Salami filed a motion for new trial, arguing that the district court abused its discretion in not ordering a mistrial based on defense counsel's mention of insurance during voir dire. The district court denied the motion for a new trial, writing:

> There is no question that defense counsel could have avoided the situation that gave rise to the mistrial. His questioning of the jury occurred in the middle of the afternoon after the

insurance question first arose before the lunch break. If he had concerns with the statements made by Mr. Reynolds and Mr. Rudd regarding insurance, he had ample opportunity to raise it with the court to determine the best means to resolve the concerns. It was not proper to unilaterally offer substantive information regarding his client's insurance status in violation of Iowa R[ule] Evidence 5.411.

Notwithstanding the above, as stated in the ruling on the motion for mistrial, the standard is whether the moving party has been prejudiced. For the reasons previously stated in the ruling on motion for mistrial, the court finds plaintiff was not prejudiced. In fact, further proceedings of the trial support the original decision to deny the mistrial. Plaintiff requested a curative instruction that was adopted as modified by the court. The jury found in favor of defendants on liability, so there is no issue similar to *Morris* in which a low damage award supported the plaintiff's claim of prejudice. Plaintiff makes the claim that the jury may have been left with an impression that the case was meritless, but that claim is speculative and not based on any evidence or real basis for belief. Further, the claim is untenable when considering the length of the trial, the amount and substance of the evidence presented, and the quality of the attorneys presenting the case. The jury did not find in plaintiff's favor, but there is no indication they considered the claims to be baseless. Finally, Mr. Rudd was not picked for the jury, so there was no danger that he might re-raise any issues or implications arising from insurance, and there is no reason to believe that any of the other jurors broached the topic.

Salalmi appeals.

## II. Scope and Standard of Review.

Appellate review of rulings on motions for new trial depend upon the grounds for new trial asserted in the motion. *Hansen v. Cent. Iowa Hosp. Corp.*, 686 N.W.2d 476, 480 (Iowa 2004) (internal citations omitted). The district court has broad discretion in ruling on a motion for new trial. *Loehr v. Mettille*, 806 N.W.2d 270, 277 (Iowa 2011). A motion for new trial based on discretionary grounds, such as misconduct by the prevailing party, is reviewed for an abuse of discretion. *Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012). "A court abuses its discretion when its ruling is based on grounds that are unreasonable or

untenable." *In re Trust No. T-1 of Trimble*, 826 N.W.2d 474, 482 (Iowa 2013). The "grounds for a ruling are unreasonable or untenable when they are based on an erroneous application of the law." *Id.* A new trial is warranted when "a different result would have been probable in the absence of misconduct." *Loehr*, 806 N.W.2d at 277.

## III. Discussion.

Much of the Salami's appellate argument is premised upon Iowa Rule of Evidence 5.411, which states, "Evidence that a person was or was not insured against liability is not admissible upon the issue of whether the person acted negligently or otherwise wrongfully." Our supreme court has stated,

> The court has recognized three reasons for inadmissibility of evidence of the existence of insurance. First, the evidence is ordinarily irrelevant to any issue in the case. Second, it tends to influence jurors to bring in a verdict against a defendant on insufficient evidence. Third, it causes jurors to bring in a larger verdict than they would if they believed the defendant would be required to pay it. *Mihalovich v. Appanoose Cty.*, 217 N.W.2d 564, 567 (Iowa 1974). These reasons show that the jury is to decide a case as if the defendant were not insured. The contention has been forcefully urged in another context that persons should not be denied property rights because they have purchased insurance rather than saved the funds which might otherwise have been spent on premiums. *See Rudolph v. Iowa Methodist Med. Ctr.*, 293 N.W.2d 550, 567 (Iowa 1980) (Reynoldson, C. J., dissenting).

*Laguna v. Prouty*, 300 N.W.2d 98, 101 (Iowa 1981).

From this premise, Salami argues we must presume she was prejudiced by Von Maur's counsel's statements of a lack of insurance during jury selection, and thus the district court abused its discretion in denying her motion for new trial. We disagree for several reasons.

First, we do not presume prejudice. The supreme court wrote,

We test the court's denial of these motions [for mistrial and new trial] under an abuse of discretion standard. The query is whether the trial court clearly abused its discretion, that is, whether prejudice resulted from counsel's mention of [the insurance adjuster] "Mr. King," or whether a different result could have been probable but for the mention of his name. We give extremely broad, though not unlimited, discretion to a trial court on motions for mistrial and new trial. This is because we recognize the trial court is in a better position to appraise the situation in the context of the full trial.

*Stover v. Lakeland Square Owners Ass'n*, 434 N.W.2d 866, 873-84 (Iowa 1989) (citations omitted); *see also Strain v. Heinssen*, 434 N.W.2d 640, 643 (Iowa 1989) (finding trial court "reasonably balanced the questions of relevancy, probative value and prejudice implicated when the revelation of insurance coverage is at issue"); *Evans v. Howard R. Green Co.*, 231 N.W.2d 907, 914-15 (Iowa 1975) (stating that under Iowa common law it was "generally improper for the subject of liability insurance to be raised in any way before the jury," but concluding the district court did not abuse its discretion in denying motion for mistrial).

We also observe the rule cited is a rule of evidence. The general definition of "evidence," which is a standard jury instruction and which was given to the jury in this case:

> Evidence is:
> 1. Testimony in person or by deposition.
> 2. Exhibits received by the court.
> 3. Stipulations which are agreements between the attorneys.
> 4. Any other matter admitted (e.g. answers to interrogatories, matters which judicial notice was taken, and etc.).
> Evidence may be direct or circumstantial. The weight to be given any evidence is for you to decide.
> Sometimes, during a trial, references are made to pre-trial statements and reports, witnesses' depositions, or other miscellaneous items. Only those things formally offered and received by the court are available to you during your deliberations.

> Documents or items read from or referred to which were not offered and received into evidence, are not available to you.
>
> The following are *not* evidence:
>
> 1. *Statements*, *arguments*, *questions and comments by the lawyers*.
>
> 2. Objections and rulings on objections.
>
> 3. Any testimony I told you to disregard.
>
> 4. Anything you saw or heard about this case outside the courtroom.

Iowa Civ. Jury Instr. 100.4 (emphasis added). Counsel's statements about insurance during voir dire are not evidence and the jury was so instructed.

Nonetheless, we acknowledge that the topic of insurance coverage is generally irrelevant. *See* Iowa R. Evid. 5.411; *Laguna*, 300 N.W.2d at 101. And to highlight that irrelevance, the Iowa courts have been repeatedly advised that a jury should be instructed that whether a party has any kind of insurance has "'nothing whatsoever to do with the issues to be decided.'" *Laguna*, 300 N.W.2d at 102 (quoting *Price v. King*, 122 N.W.2d 318, 323 (Iowa 1963)). The use of just such an instruction was given here. As we have noted, the court instructed the jury that whether or not a party has insurance "has no relevance" and could not be considered. "Jurors are presumed to follow instructions." *State v. Sanford*, 814 N.W.2d 611, 620 (Iowa 2012); *see also Laguna*, 300 N.W.2d at 102 (stating that where a juror asked the court in the absence of other jurors what part insurance would play in the jury's decision and the court informed the juror insurance had no bearing on the issue, the court does "not assume the jury disregarded the court's admonition"). Here, the jury asked no questions of the court about insurance during the trial or the jury's deliberations. *Cf. Laguna*, 300 N.W.2d at 102.

We note, too, that "the reasons for excluding evidence of the existence of liability insurance" include the "knowledge of a defendant's liability insurance may 'influence jurors to bring in a verdict against a defendant on insufficient evidence [and may] cause . . . jurors to bring in a larger verdict than they would if they believed the defendant would be required to pay it.'" *Mohammed v. Otoadese*, 738 N.W.2d 628, 634-35 (Iowa 2007) (quoting *Laguna*, 300 N.W.2d at 101). As stated in *Laguna*,

> the reasons for inadmissibility of evidence of lack of insurance are not the same. The only common reason is the irrelevance of the evidence to any issue in the case. Otherwise, when a jury is told the defendant is not insured, it is told nothing different from what it is required to assume if it did not know whether the defendant was insured.

300 N.W.2d at 101. Here, the jury heard only what it was to assume—that the defendants were not insured. *See Laguna*, 300 N.W.2d at 102 ("One reason for this conclusion [that the court did not err in denying a motion for new trial] is that the court did admonish the jury in this case that it was not to consider the subject of insurance in its deliberations."). We do not have a situation where the jury was misled by trial counsel's statement. *See id.* 101.

Finally, the jury did not award any damages to the plaintiff, which negates the concern that knowledge of insurance or lack thereof affected the *amount* of damages. *See, e.g.*, *id.* (stating knowledge of a defendant's liability insurance may "influence jurors to bring in a verdict against a defendant on insufficient evidence [and may] cause . . . jurors to bring in a larger verdict than they would if they believed the defendant would be required to pay it"). If the jury, or even one juror, determined there was no liability because Van Maur had no insurance to

cover any damages, we would have to conclude the jury or juror clearly failed to follow the jury instructions. However, we have no basis to reach such a conclusion absent speculation.

"The rule is: 'Before a new trial will be granted for misconduct in argument it must appear prejudice resulted or a different result could have been probable but for such misconduct.'" *Id.* at 102 (quoting *Rasmussen v. Thilges*, 174 N.W.2d 384, 391 (Iowa 1970)); *see also Strain*, 434 N.W.2d at 643) (finding trial court "reasonably balanced the questions of relevancy, probative value and prejudice implicated when the revelation of insurance coverage is at issue"); *Evans*, 231 N.W.2d at 914-15.

Here, Salami has not established prejudice resulted. The subject was discussed only briefly during jury selection. The prospective juror involved in the discussion was struck by Salami. The jury was instructed the attorney's statements were not evidence and they "must not consider whether or not" insurance existed in reaching their verdict. The trial court did not abuse its discretion in denying the motions for mistrial and new trial. We therefore affirm.

**AFFIRMED.**